In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by MICHAEL E. KINNEY, Claimant.

FRIEDA S. MILLER, as Industrial Commissioner, Appellant; LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of the NEW YORK TITLE AND MORTGAGE COMPANY, Employer, Respondent.

Third Department, July 11, 1939.

*John J. Bennett, Jr., Attorney-General* [*W. Gerard Ryan* and *Francis R. Curran, Assistant Attorneys-General,* of counsel], for the appellant.

*Alfred C. Bennett* [*Benjamin Potoker* with him on the brief], for the respondent.

CRAPSER, J.   This appeal is taken by the Industrial Commissioner from the decision of the Unemployment Insurance Appeal Board, dated January 6, 1939, which ruled, as a matter of law, in a divided opinion, that the claimant, Michael E. Kinney, did not work in covered employment during his base year 1937 and, therefore, was not entitled to benefits on the ground that the Superintendent of Insurance of the State of New York, as liquidator of the New York Title and Mortgage Company, is an exempt employer within the meaning of paragraph (d) of subdivision 3 of section 502 of the Unemployment Insurance Law.

The claimant in this case was employed by the New York Title and Mortgage Company of 141 Broadway, New York city, in 1926 as a clerk.   He continued in that employment through the rehabilitation of the mortgage company, which took place on August 4, 1933, and through its liquidation, which began as of July 15, 1935.   He continued in that employment until his discharge in March, 1938.

The claimant during the process of rehabilitation and liquidation performed the same duties which he performed prior to that time and always at the same address.   He stopped work on March 15, 1938, and received a dismissal wage of three weeks.   It was the custom of the New York Title and Mortgage Company to give a dismissal wage under ten years of two weeks and over ten years of three weeks.   Evidently on stopping work on the fifteenth of March and receiving the three weeks' dismissal wage the custom of the New York Title and Mortgage Company, before it was taken over by the Insurance Department, was followed.

At first the claimant was assigned to duty as a floor man in the foreclosure department and was later advanced to agency clerk in the closing department. In 1929 he was assigned to duty in the archives, and from 1932 until March, 1938, he was assigned to the foreclosure department as a clerk, always at 141 Broadway, the place where he first went to work for the company.

On the 4th day of August, 1933, the Superintendent of Insurance was directed by an order of the Supreme Court of New York county to take possession of the property and business affairs of the New York Title and Mortgage Company for the purpose of rehabilitation as provided in section 402 of the Insurance Law.

On July 15, 1935, the Superintendent of Insurance was directed by an order of the Supreme Court, New York county, to take possession of the property and liquidate the business and affairs of the New York Title and Mortgage Company as provided by section 404 of the Insurance Law. On April 15, 1937, the order of liquidation was resettled, *nunc pro tunc,* as of July 15, 1935, so that for all intents and purposes the date of liquidation of the New York Title and Mortgage Company is fixed as of July 15, 1935.

At all times from the commencement of the rehabilitation proceedings the claimant received his wages from the assets of the New York Title and Mortgage Company in rehabilitation and liquidation as provided by subdivision 2 of section 414 of the Insurance Law.

The sole question to be determined on this appeal is whether or not the Superintendent of Insurance of the State of New York, as rehabilitator and liquidator of the New York Title and Mortgage Company, is an exempt employer within the meaning of paragraph (d) of subdivision 3 of section 502 of the Labor Law.

Paragraph (d) of subdivision 3 of section 502 of the Labor Law provides as follows: " The State of New York, municipal corporations and other governmental subdivisions, and any corporation, unincorporated association, community chest, fund, or foundation organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual, shall not be employers subject to this article."

The Superintendent of Insurance is in effect a statutory receiver (*Matter of People [Tit. & Mtge. Guar. Co.],* 264 N. Y. 80); he is not an officer of the court and he derives his powers from an act of the Legislature. The Legislature pursuant to its powers to regulate insurance has provided that the Superintendent of Insurance supersedes the officers and stockholders of the corporation

in the control of the corporate affairs. The managing body of the corporation can no longer control its action. The Superintendent of Insurance stands in the place of the managing body.

The employees engaged in the rehabilitation and liquidation of the insurance company are paid out of private and not public funds, specifically out of the funds or assets of such insurer.

Prior to the orders of rehabilitation and liquidation, granted by the Supreme Court to the Superintendent of Insurance, the employees of the New York Title and Mortgage Company were concededly private employees, working for the benefit of private owners, and would have been subject to the provisions of the Unemployment Insurance Law, article 18 of the Labor Law. After the business of the insurance company was taken over, the claimant in question continued the same services in the same place and his employment was in no way regulated or determined by the Civil Service Commission of the State of New York or other laws relating to State employees.

While the legal title of the property of the insurance company passed under the court orders to the Superintendent of Insurance, the equitable title of the assets remained for ultimate distribution to its creditors and policyholders. Such an employee is not an employee of the State or any agency thereof for the purposes of other statutes relating to other employees, e. g., the Civil Service Law, Social Security Law of the United States, Federal Income Tax Law, from which employees are normally exempt.

In the declaration of the public policy of the State as contained in section 500 of the Labor Law, the Legislature says: " Taking into account the report of its own committee, together with facts tending to support it which are matters of common knowledge, the Legislature therefore declares that in its considered judgment the public good and the well-being of the wage earners of this State require the enactment of this measure for the compulsory setting aside of financial reserves for the benefit of persons unemployed through no fault of their own."

A grant of immunity to persons who, or property which, would otherwise be liable to assessment is never presumed. It will not be recognized unless granted in terms too plain to be mistaken. If there is any doubt as to the intent of the Legislature it must be resolved in favor of the taxing power. (*People ex rel. Westchester Fire Ins. Co.* v. *Davenport*, 91 N. Y. 574, 586.)

If a receiver had been appointed by the court to liquidate the assets of the insurer such a receiver would not have been an exempt employer.

Article XI of the Insurance Law, as enacted by the Legislature, simply turns the power which the court had to appoint a receiver over to the court to give the same authority to the Superintendent of Insurance in order that .the costly expense of receiverships might be done away with in the interests of the creditors and policy-holders and owners of the corporation liquidated.

There is no question that the regular employees of the Superintendent of Insurance, who are employed in his office in connection with his general duties as Superintendent of Insurance are exempt as employees under the Unemployment Insurance Law, but the provisions of article XI of the Insurance Law do not refer to the ordinary duties of the Superintendent of Insurance but to the duties which the Legislature has seen fit to place upon him. They have provided in every case that an order of the court shall be necessary in order for him to begin operations. No order of the court is required for the performance of his ordinary duties as Superintendent of Insurance and thus the distinction is clear between his ordinary duties as Superintendent of Insurance and his duties as provided by article XI of the Insurance Law.

The Superintendent, as liquidator, pays the wages and all other expenses out of the money of the insurer and he is authorized to pay and he would be justified in paying premiums to the Unemployment Insurance Fund for such persons as he temporarily employs in liquidating an insurance company such as is here under consideration.

The New York State Unemployment Insurance Law was enacted to provide security to persons temporarily out of employment. If the insurance company under consideration had not met with difficulty the claimant would have been protected in his unemployment. He continued to do the same work at the same place for the same wages and he is not an employee of an exempt employer.

In the case of *Helvering* v. *Therrell* (303 U. S. 218) the court says:

" Petitioner McLoughlin was employed by the Insurance Department of New York as legal counsel in the Liquidation Bureau and received for services during 1932, $5,125. This bureau is in charge of a Deputy Superintendent of Insurance, a civil service employe whose salary is paid by the State. It employs many persons — superintendents, attorneys, bookkeepers, stenographers, adjusters, accountants, etc.

" Under the statutes the Superintendent may apply to the court for an order to take over the assets of an insolvent insurance company and liquidate its affairs. When this issues, the corporate charter is dissolved and the Superintendent must proceed to collect assets, adjust claims, etc. He determined petitioner's compensa-

tion and caused it to be paid from assets of the several companies in liquidation according to the time devoted to each.

" The Commissioner assessed this compensation for Federal income tax; the Board of Tax Appeals approved. The Circuit Court of Appeals [*McLoughlin* v. *Com'r. of Internal Revenue*, 2 Cir. (89 F. [2d] 699)] affirmed, and definitely held it was not exempted by the Federal Constitution. * * *

" We are unable to conclude that the Commissioner erred in making any one of the assessments involved in the four cases presently before us. He gave proper application to the rule which we must recognize as established. The compensation of the tax-payers was paid from corporate assets — not from funds belonging to the State. No one of them was an officer of the State in the strict sense of that term. The business about which they were employed was not one utilized by the State in the discharge of her essential governmental duties. The corporations in liquidation were private enterprises; their funds were the property of private individuals."

Thus in the case before us the corporation in liquidation was a private corporation; its funds were the property of private individuals and the Superintendent of Insurance while acting as liquidator was acting for a private business and not one utilized by the State in the discharge of its governmental duties. (*White* v. *Boland*, 254 App. Div. 356, 362.)

The decision of the Appeal Board should be reversed and the decision of the referee sustained.

HILL, P. J., BLISS and HEFFERNAN, JJ., concur.

Decision reversed, and matter remitted for action in accordance with the opinion, with costs in favor of the Industrial Commissioner.