■ In the Matter of STATE OF NEW YORK (GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS OF THE STATE OF NEW YORK and STATE OF NEW YORK DIVISION OF MILITARY AND NAVAL AFFAIRS), Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered November 9, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Public Employment Relations Board ruling that civilian employees of the Division of Military and Naval Affairs are public employees within the scope of the Taylor Law. ¶ Following the denial of preliminary motions to dismiss the petition as premature and for leave to appeal that order to this court, Special Term dismissed the petition on the merits and the judgment entered thereon is being appealed here. We agree with Special Term that PERB's determination, holding that the subject employees were public employees and not in the organized militia and, therefore, are subject to the provisions of the Taylor Law, is not arbitrary and capricious. ¶ In the first place, the Division of Military and Naval Affairs (DMNA) is a division of the Executive Department of the State (Executive Law, § 31, subd 2), a public employer, for Taylor Law purposes (Civil Service Law, § 201, subd 6, par [a], cl [i]). Public employees are persons holding positions by appointment or employment in the service of a public employer (Civil Service Law, § 201, subd 7, par [a]). Patently, the subject employees fall within this definition and must be so considered, unless, as the State contends, they were excepted under the provisions of section 201 (subd 7, par [a]) of the Civil Service Law, which specifically so provides for "persons holding positions by appointment or employment in the organized militia of the state". However, the organized militia is merely one part of DMNA. Subdivision 2 of section 190 of the Executive Law relevantly provides: "The division of military and naval affairs shall include the organized militia; the state reserve list; the state retired list; all offices, headquarters, units, forces, commands, arsenals, depots, armories, bureaus, agencies, bases, camps, ranges, and other military (including air) and naval activities, property, installations, structures, facilities and functions of the state and all military (including air), naval and civilian personnel who may be serving or employed therein." The organized militia is composed of: "the New York army national guard; the New York air national guard; the inactive national guard; the New York naval militia; the New York guard whenever such a state force shall be duly organized and such additional forces as may be created by the governor" (Military Law, § 2, subd 1). The

Military Law makes separate references to the organized militia and civilian employees of the DMNA (compare Military Law, § 130.2, with § 131.1, subd [c]). ¶ That personnel employed by DMNA are considered in the military service and not in the civil service of the State (Military Law, § 19, subd 3) is not dispositive of the issue, for nothing in the Taylor Law limits its application to public employees in the civil service (see, e.g., *Matter of County of Ulster v CSEA Unit of Ulster County Sheriff's Dept.*, 37 AD2d 437). ¶ We find that the interpretation placed on section 201 (subd 7, par [a]) of the Civil Service Law that the subject civilian DMNA employees are not excluded as members of the organized militia or otherwise is not irrational and should not be disturbed (*Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.*, 48 NY2d 398, 404). The judgment of Special Term which dismissed petitioner's application is, therefore, correct and should be affirmed. ¶ Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.