■ In the Matter of QUEENS BOROUGH PUBLIC LIBRARY, Petitioner, v PUBLIC EMPLOYMENT RELATIONS BOARD OF THE STATE OF NEW YORK, Respondent, and QUEENS BOROUGH LIBRARY GUILD, LOCAL 1321, DISTRICT COUNCIL 37, AFSCME, AFL-CIO, Intervenor-Respondent. — Proceeding pursuant to CPLR article 78 to review determinations of the Public Employment Relations Board dated August 7, 1980 and January 14, 1983, respectively, which held that (1) petitioner is subject to its jurisdiction and (2) petitioner violated its bargaining obligations by unilaterally canceling two bonus holidays customarily given to its employees.

Petition granted, on the law, without costs or disbursements, determinations annulled and charge dismissed.

Respondent Queens Borough Library Guild filed an improper practice charge with respondent Public Employment Relations Board (PERB) against petitioner alleging that petitioner had acted improperly when, in 1978, it withdrew two "bonus holidays" previously granted by it to its employees without negotiating the change with the union. Petitioner moved to dismiss the charge on the ground that PERB lacked jurisdiction over the library. The proceeding was bifurcated and the motion to dismiss was referred to a hearing officer.

On October 15, 1979, the hearing officer found that petitioner was not a public employer within the meaning of section 201 (subd 6, par [a]) of the Civil Service Law. Accordingly, he dismissed the improper practice charge for lack of jurisdiction.

The guild excepted to the hearing officer's determination. On August 7, 1980, PERB reversed the hearing officer's decision. PERB found that petitioner is a public employer within the meaning of the Taylor Law and, therefore, subject to PERB's jurisdiction. The matter was remanded to the hearing officer for

further proceedings on the merits of the improper practice charge. Petitioner then moved pursuant to CPLR article 78 for a judgment annulling PERB's order. The Appellate Division dismissed the proceeding as premature (*Matter of Queens Borough Public Lib. v Public Employment Relations Bd.*, 83 AD2d 637). The matter thereafter proceeded before the hearing officer who decided that petitioner's practices violated the Civil Service Law. Petitioner took exception to the determination. On January 14, 1983, PERB affirmed the hearing officer's decision. The instant proceeding followed.

In its petition, petitioner asserts that it is not subject to PERB's jurisdiction because it is not a public employer within the meaning of the Taylor Law. We agree.

*Matter of New York Public Lib. v Public Employment Relations Bd.* (45 AD2d 271, affd 37 NY2d 752) is controlling over the instant matter, and on the basis of that authority, PERB's determinations must be annulled. In *New York Public Lib.*, PERB had ruled that the New York Public Library was a public employer and, therefore, subject to its jurisdiction. The First Department annulled PERB's determination on the ground that the library was not a government or public employer within the meaning of the Taylor Law (Civil Service Law, § 201, subd 6, par [a]). The Court of Appeals affirmed that determination in a decision which stated, in relevant part, that (p 753): "[T]he instant public library employment satisfies in some respects the character of public employment and in other substantial respects does not, and * * * the Taylor Law applies only to employment which is unequivocally or substantially public * * * [T]he nonpublic aspect of library employment is sufficiently substantial to exclude it from regulation under the Taylor Law".

There is no dispute that petitioner and the New York Public Library are virtually identical in all aspects of their operation except for the manner of selection of their trustees. New York Public Library is governed by a self-perpetuating board of trustees. Petitioner's trustees are appointed by the Mayor of New York City. Contrary to PERB's assertion, this one distinction is not sufficient to make petitioner a public employer within the meaning of the Taylor Law.

While the Mayor has the power to appoint petitioner's trustees, the Mayor does not have removal power. Rather, removal is accomplished by a two-thirds vote of all of the members of the board. The Mayor does have the power to veto any removal. But as this veto-of-removal authority is granted by the by-laws, it may be repealed by a two-thirds vote of the trustees present.

Also, the trustees have five-year terms, a period exceeding that of the appointing Mayor. Under the by-laws, the terms of the 19 board members are overlapping. Mayoral control over the board is further limited since 14 of the 19 trustees must be Queens residents, each residing in a different community school district. Apart from the statutory power of appointment, there is no indication that the Mayor has any effective control over the administration of petitioner.

Accordingly, as the nonpublic aspects of petitioner are in all other respects similar, if not identical, to that of the New York Public Library,[*] PERB's jurisdiction has been neither unequivocally nor substantially established, and its determinations must be annulled. Mollen, P. J., Mangano, O'Connor and Lawrence, JJ., concur.

---

[*] We note the further similarity between petitioner and the New York Public Library in that the Mayor, the Comptroller and the president of the City Council are nonvoting ex officio members of both boards of trustees.