James B. Tuttle, Esq. Attorney, Shenendehowa Public Library
You have asked whether the Shenendehowa Public Library is a "public employer" as that term is defined by section 201 of the Civil Service Law.
As stated in your letter, this library was initially granted a provisional charter as the Shenendehowa Free Library by the Board of Regents on January 27, 1971. The charter was made absolute by Regents action on September 26, 1975 and was amended on September 25, 1981 to change the corporate name from The Shenendehowa Free Library to the Shenendehowa Library. As initially chartered, the Shenendehowa Library was a free association library operated by an internally elected board of eleven trustees and serving the towns of Clifton Park and Halfmoon. It obtained operating funds from private sources and from annual contributions from the two towns within its service district. Each year the library would submit a proposed budget and request for funds to the town board of the Town of Clifton Park and the town board of the Town of Halfmoon. In response, each town board would make an annual appropriation out of revenue sharing funds to the library, generally about 75% of what had been requested.
In response to a study made by a long-range planning committee commissioned by the board of trustees of the library, legislative authority was sought to submit to the voters of the Town of Clifton Park in a referendum the issue of whether or not to establish a special library district in the Town of Clifton Park. Such legislation was approved during the 1985 Legislative Session (L 1985, ch 519), and at the referendum held in accordance therewith in September of 1985, the voters approved the formation of the Shenendehowa Public Library District, encompassing the Town of Clifton Park, and approved the initial proposed budget. Accordingly, the library's board of trustees immediately made application to the Board of Regents for a charter as an education corporation on behalf of the Shenendehowa Public Library District and simultaneously petitioned for the dissolution of the Shenendehowa Free Library, the predecessor education corporation. The Regents approved both petitions, chartered the Shenendehowa Public Library, dissolved the Shenendehowa Library, and approved the transfer of assets from the latter to the former effective January 1, 1986. The Library has since that date continued operations uninterrupted and with no change in personnel or practices as the Shenendehowa Public Library.
The Town of Halfmoon opted not to become part of the Shenendehowa Library District, yet continues to provide funding to the library by means of annual allocations made by its town board. This continues the practice in effect prior to the formation of the library district, the provision of library services on a contractual basis (see Education Law, §256). Currently, the populous of the library district elects the board of trustees and determines the amount of funds it receives. Your question is whether this change in the library's organization now makes it a public employer for purposes of the Civil Service Law. Section201 of the Civil Service Law defines public employer in the following way:
 "The term `government' or `public employer' means (i) the state of New York, (ii) a county, city, town, village or any other political subdivision or civil division of the state, (iii) a school district or any governmental entity operating a public school, college or university, (iv) a public improvement or special district, (v) a public authority, commission, or public benefit corporation, or (vi) any other public corporation, agency or instrumentality or unit of government which exercises governmental powers under the laws of the state" (Civil Service Law, § 201[6][a]; emphasis supplied]).
Libraries, and the organizations associated with them, can take several forms in New York State. The New York State Library is established pursuant to statute to maintain custody of the books owned by New York State (Education Law, §§ 245-252). "Public" libraries refer to libraries, other than professional, technical or public school libraries, that are established for free public purposes by official action of a municipality, district or legislature, where the whole interest belongs to the public (Education Law, § 253). "Association" libraries are those libraries established and controlled, in whole or in part, by a group of private individuals operating as an association, close corporation or as trustees under the provisions of a will or deed of trust (ibid.).
These general definitions, however, are not dispositive of the question of whether the library is a public employer. It is necessary to examine the public and non-public aspects of the library employment to determine the nature of the employment for purposes of the Civil Service Law (Matter of New York Public Library, Astor, Lenox and Tilden Foundations vNYS PERB, 37 N.Y.2d 752, 753 [1975]; see Matter of Queensborough PublicLibrary v NYS PERB, 104 A.D.2d 993 [2d Dept, 1984], affd 64 N.Y.2d 1099
[1985]).
In the past we have found that libraries which have been established as a branch of a municipal government are public employers by virtue of their status as an agency of a municipality (1968 Op Atty Gen [Inf] 122; see 1954 Op Atty Gen 150; 1946 Op Atty Gen [Inf] 17). Indeed, the status of libraries as "public" entities has been long recognized in other contexts (Kerr v Enoch Pratt Free Library of Baltimore City, 149 F.2d 212 [4th Cir, 1945]; Lambert v Board of Trustees of Public Library, 152 S.W. 802 [Ken, 1913]; 1972 Op Atty Gen 24).
In the New York Public Library case, the Court of Appeals found as follows:
 "The short of it is that the instant public library employment satisfies in some respects the character of public employment and in other substantial respects does not, and that the Taylor Law applies only to employment which is unequivocally or substantially public" (37 N.Y.2d at 753).
In finding that the New York Public Library was not a public employer, the Appellate Division decision which was affirmed by the Court of Appeals traced the library's history. The decision reveals that the New York Library System is unique, in that it evolved from the Astor, Lenox and Tilden Foundations which were created by special acts of the State Legislature (45 A.D.2d at 274). Operation of the library is governed by a self-perpetuating board of directors comprised of 25 members, only three of which are included by virtue of their city office (mayor, comptroller and president of the city council). The public, and the city government, has no say in the selection of board members, or in the operation of the library (45 A.D.2d at 275, 277-278). Finally, the Appellate Division went through the listing of public employers included in section 201(6) of the Civil Service Law, and specifically rejected each one as a possible basis for finding that the library was a public employer. With regard to the special district provision in section 201(6), the Court found as follows:
 "And certainly, the Library is not a public improvement district, which is an instrument utilized by local government to render services or capital improvements within a certain geographical location" (45 A.D.2d at 282).
The Shenendehowa Public Library District under consideration here, however, is exactly this type of special or improvement district referred to in New York Public Library and in section 201(6) of the Civil Service Law as a public employer. Indeed, the enabling legislation which established the library district made clear the status of the district:
 "said library district shall constitute an improvement district within the meaning of the town law and shall be subject to all of the provisions thereof relating to improvement districts such as are inconsistent with the provisions of this act" (L 1985, ch 519).
The remaining provisions of the act do not contain any language which is contrary to the library district being found to be a public employer.
As a special district, the library is a public employer under section201(6)(a)(iv) of the Civil Service Law (see 17 PERB ¶ 5003). Furthermore, because the library is governed by a board of trustees selected by the public, and funded pursuant to a budget directly approved by the electorate, it is clearly "unequivocally or substantially" public in nature, as required by New York Public Library (37 N.Y.2d at 753). Notwithstanding its history, there is no substantial aspect of the library which is private in nature.
We conclude that a library district whose board of trustees is elected by the public, and whose budget is approved by public vote, is a public employer under section 201 of the Civil Service Law.