■ In the Matter of STATE OF NEW YORK (INSURANCE DEPARTMENT LIQUIDATION BUREAU), Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. (Proceeding No. 1.) In the Matter of STATE OF NEW YORK (GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS), Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. (Proceeding No. 2.)— Mikoll, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered January 12, 1988 in Albany County, which dismissed petitioners' applications, in a consolidated proceeding pursuant to CPLR article 78, to review a determination of respondent Public Employment Relations Board finding petitioner Liquidation Bureau of the State Insurance Department to be a public employer.

In July 1982, respondent Civil Service Employees Association, Inc. (hereinafter CSEA) filed a petition for certification with respondent Public Employment Relations Board (hereinafter PERB) seeking a certification to represent "all employees

of [petitioner] Liquidation Bureau of the New York State Insurance Department" (hereinafter the Bureau) for purposes of collective bargaining. CSEA also filed an improper practice accusation pursuant to Civil Service Law § 209-a (1) which alleged that the Bureau had threatened and fired an employee because he had exercised his rights protected by the Taylor Law. Petitioner Governor's Office of Employee Relations (hereinafter GOER) and the Bureau each opposed the petition for certification on the basis that the Bureau is not a public employer as defined in Civil Service Law § 201 (6) (a), that its employees are not entitled to representation pursuant to Civil Service Law § 203 and that the matter was not within PERB's jurisdiction.

PERB's Director of Public Employment Practices and Representation (hereinafter the Director) held that the Bureau is not a public employer within the Taylor Law and not subject to PERB's jurisdiction. The Director also held that the Bureau's employees are not entitled to representation by any employee organization and dismissed the petition. In a separate decision the Director also dismissed the improper practice charge on the basis that the charging party was not a public employee. The matter was appealed to PERB's full panel and, in January 1984, PERB ruled that the Bureau is a public employer and therefore its employees are entitled to representation by an employee organization. PERB then remanded the matter to the Director for further proceedings. PERB also reversed the Director's dismissal of the improper practice charge and remanded it for a determination on the merits.

In February 1984, the Bureau and GOER (hereinafter collectively referred to as petitioners) each commenced separate proceedings in Supreme Court pursuant to CPLR article 78 seeking to review PERB's order as to the certification and the improper practice charge, and requesting that the court set aside PERB's decision. CSEA and PERB moved to dismiss these proceedings on the ground that PERB's order was not a final order. The Court of Appeals eventually ruled that PERB's order was final and that the proceedings were statutorily permitted (*Matter of State of New York [Insurance Dept. Liquidation Bur.] v Public Employment Relations Bd.*, 68 NY2d 695). Subsequently, in a consolidated proceeding Supreme Court dismissed the petitions and affirmed PERB's determination that the Bureau is substantially public and is therefore subject to PERB's jurisdiction. Petitioners now appeal.

Petitioners assert that Supreme Court and PERB committed

an error of law by distinguishing *Matter of New York Pub. Lib. v New York State Pub. Employment Relations Bd.* (45 AD2d 271, *affd* 37 NY2d 752) and *Matter of Kinney* (257 App Div 496, *affd* 281 NY 840) and finding these cases inapplicable to the case *sub judice.* The Bureau argues that the nonpublic aspect of its employment is sufficiently substantial to exclude it from application of the Taylor Law. Petitioners point to the dual role of the Superintendent of Insurance in exercising the Bureau's proprietary and governmental functions, and contend that the failure of PERB and Supreme Court to give weight to this distinction resulted in erroneous and unreasonable determinations. We disagree.

Although Civil Service Law § 201 fails to supply a precise definition of "public employer", courts have generally looked to the following characteristics in determining the question: the nature of the supervision over the entity or amount of political control *(Matter of New York Pub. Lib. v New York State Pub. Employment Relations Bd., supra,* at 275; *see, Matter of Queens Borough Pub. Lib. v Public Employment Relations Bd.,* 104 AD2d 993, *affd* 64 NY2d 1099); the fact of civil service status of the employees *(see, New York Inst. for Educ. of Blind v United Fedn. of Teachers' Comm.,* 83 AD2d 390, 401, *affd* 57 NY2d 982; *see also, Matter of State of New York [Governor's Off. of Employee Relations] v Public Employment Relations Bd.,* 103 AD2d 876); and the receipt of public money by the entity *(see, Matter of New York Pub. Lib. v New York State Pub. Employment Relations Bd., supra,* at 278-280).

Supreme Court properly considered these factors in resolving the question. Supreme Court found controlling PERB's determination that the Superintendent was accountable to the Governor and the State Senate. Further, as "nothing in the Taylor Law limits its application to public employees in the civil service" *(Matter of State of New York [Governor's Off. of Employee Relations] v Public Employment Relations Bd., supra,* at 877), Supreme Court correctly ruled that the lack of civil service status of the Bureau employees, standing alone, is not dispositive of the issue.

Petitioners rely heavily for their assignment of error on the Supreme Court's alleged failure to adequately consider the proprietary/governmental distinction characterizing the Superintendent's function. In particular, petitioners argue that since the Bureau acts as a statutory receiver appointed by the court, its activities are entirely proprietary and it is therefore accountable only to the courts and not to the legislative or executive branches of government. The Bureau relies on Fed-

eral cases which recognize the dichotomous role of the Superintendent *(see, Excess & Cas. Reinsurance Assn. v Insurance Commr. of State of Cal.,* 656 F2d 491; *see, e.g., Finkielstain v Seidel,* 857 F2d 893)* and asserts that the dichotomy of the Superintendent's role retains "judicial vitality" in New York case law. However, the dichotomy in this context has been recently recognized in very limited circumstances only *(see, Matter of Consolidated Edison Co. v Insurance Dept.,* 140 Misc 2d 969; *see also, Corcoran v North Am. Reinsurance Corp.,* Sup Ct, NY County, Jan. 14, 1988, Fingerhood, J.)*. Accordingly, Supreme Court's refusal to find the rule in *Matter of Kinney* (257 App Div 496, *supra)* controlling and its rejection of petitioners' argument grounded on the governmental/proprietary dichotomy of the Bureau's role is rational and cannot be said to constitute an error of law.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.