In the Matter of UNIVERSITY OF THE STATE OF NEW YORK, Petitioner, v HAROLD R. NEWMAN et al., Constituting the New York State Public Employment Relations Board, et al., Respondents.

Third Department, June 18, 1992

**APPEARANCES OF COUNSEL**

*Lombardi, Reinhard, Walsh & Harrison, P. C. (Paul E. Davenport* and *Thomas J. Jordan* of counsel), for petitioner.

*Ernest F. Hart (Sandra M. Nathan* of counsel), for Harold R. Newman and another, respondents.

*Bernard F. Ashe (Ivor R. Moskowitz* of counsel), for Ad Hoc Committee of Regents College Degrees and Examinations Professional Employees, respondent.

*Robert Abrams, Attorney-General (Lew A. Millenbach* of counsel), for State of New York, respondent.

**OPINION OF THE COURT**

WEISS, P. J.

Respondent Ad Hoc Committee of Regents College Degrees and Examinations Professional Employees (hereinafter the Committee) sought a determination from the Public Employment Relations Board (hereinafter PERB) as to whether their members were public employees within the meaning of the Public Employees' Fair Employment Act (Civil Service Law art 14). The members of the Committee are employees of petitioner. Petitioner has challenged PERB's declaratory ruling that it was a public employer as defined by Civil Service Law § 201 (6) (a), contending that the determination is not supported by substantial evidence and is affected by an error of law. Petitioner takes the position that it is a nonpublic corporate entity and that it performs functions which are not substantially public in nature.

Petitioner was created by statute in 1784 *(see,* L 1784, ch 51) and subsequently continued by the State Constitution *(see,* NY Const art XI; *see also,* NY Const, art V, § 4) which states that its corporate powers may be increased, modified and diminished by the Legislature. Within that context, Education Law § 101 provides that the Education Department (hereinafter Department) is continued as part of State government and is

charged with the general management, supervision and exercise of all the functions of petitioner.[1]

This case is focused upon the Regents College Degrees and Examinations program (hereinafter the College), a subsidiary of petitioner, which offers academic recognition in the form of credits and degrees to students who demonstrate various forms of college-level learning. The program is divided into two divisions. The first is Regents College Examinations, the successor to the College Proficiency Examination program, and the second is the Regents College Degrees. Petitioner contends that the operation of the Regents College Degrees program is a private corporate function of petitioner which itself is an entity both distinct from State government and private in nature.

The scope of judicial review of PERB's interpretation of the Civil Service Law is limited, and unless the determination is affected by an error of law or is arbitrary and capricious it will be upheld *(see, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Employment Relations Bd.,* 48 NY2d 398, 404). So long as PERB's interpretation is legally permissible and does not breach constitutional rights or protections, the courts are powerless to disturb that determination *(supra).*

■ In its inception, petitioner was unique in nature and was given a governmental function overseeing and regulating higher education. Petitioner, with the Board of Regents as its governing body, has been fully integrated with the Department even while retaining a corporate organization and name *(see,* Education Law § 101). Petitioner operates the Department through the Board of Regents *(see,* Education Law § 101). The Board of Regents, in turn, is a political body appointed by the Legislature *(see,* Education Law § 202 [1]) and charged with the legislative function concerning the educational system in the State and the determination of its policies *(see,* Education Law § 207), a fully public function. Each Regent and officer of the Board of Regents is a State officer *(see,* Education Law § 203; Public Officers Law § 2). Contrary to petitioner's arguments, the historic functions of petitioner,

---

1. A succinct history of the merger of the State education administration can be found in Development of the Education Law in New York by Frank P. Graves (1947), found preceding the Education Law in McKinney's Consolidated Laws of NY, Book 16, at XI (1988 ed), particularly chapter II, Derivation of the Administrative Organization, at XIV-XIX. Graves was the Advisory Counsel to the Joint Legislative Committee on the State Education System and a former Commissioner of Education.

including the power to sue and be sued, to elect officers, to hold, buy and sell real and personal properties, to confer degrees and to hold property in trust, do not alone establish that it is private, nor suggest that its original creation was for other than a public purpose. The vestiges of antiquity retained by petitioner's unusual structure during its evolution to its current status cannot change its decidedly public function. Nor does the trust function that it retains *(see,* Education Law § 201) create a private corporate purpose[2] inconsistent with a public employer status. Petitioner has failed to show that PERB erred as a matter of law in determining that petitioner is a public employer *(see, Matter of State of New York [Insurance Dept. Liquidation Bur.] v Public Employment Relations Bd.,* 146 AD2d 961).

Petitioner next contends that the determination is not supported by substantial evidence in the record. Focusing primarily on the Regents College Degrees activity, petitioner argues that the program is a private trust activity which it performs in its corporate role without express authorization by the Legislature and over which legislative control has never been asserted. The Regents College Degrees program was initially funded by a grant from a private foundation and is now generally self-supported by fees generated by the program. The power exercised in establishing the program is authorized, however, by the State Constitution and statute. The lack of State-appropriated funding does not make the program a private function. While most Regents College Degrees employees are paid in a format different from that normally associated with State or public employees, other employees are in fact employed by the Department and work alongside many Regents College Examinations employees who do work for the Department and are regular State civil service employees. Employees in both programs have a mixed chain of command intermingled with civil service employees who are paid legislatively appropriated salaries. The salaries of those paid under petitioner's corporate format are funded with the fee revenue. Ultimately these paralleled employees are currently all supervised by Wayne Williams as Executive Director, a corporate format paid employee. Williams, in turn, is supervised by Donald Nolan, the Department's Deputy Commissioner of Higher Education who is paid on the regular

2. Petitioner is vague and conclusory as to its trust activities, and the record is barren of any proof of nonpublic trust obligations.

State payroll. The Director prior to Williams had been an Assistant Commissioner of the Department who was paid on a regular State payroll. Other State employees in the Department provide services to petitioner and the College as part of their regular duties.

The comprehensive and authoritative "Periodic Review Report" of petitioner's Regents College Degrees (March 1987)[3] produced by the College acknowledges the inclusion of Regents College Degrees as part of the State educational agency, its control by State government and the public purpose of both petitioner and the Regents College Degrees program. Similar statements are contained in the Regents College Degrees catalog. Thus, the record contains a solid factual basis for the determination that petitioner is a public employer as defined by Civil Service Law § 201 (6) (a) and provides the substantial evidence required for confirmation by this court *(see, Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181).

MIKOLL, LEVINE and MERCURE, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

3. The Periodic Review Report was the formal submission to the Middle State Association of Colleges and Schools as part of the continuing accreditation process. As part of its general overview, the report states: "Established in 1784 by the State Legislature, the long-term purpose of [petitioner] was to create a unified educational system for the people of New York under the control of state government. It is now the oldest and most comprehensive state educational agency in the nation. It encompasses and has responsibility for all educational institutions at all levels in the state, including more than 240 independent and public higher education institutions, as well as elementary and secondary schools, museums, libraries, historical societies, and other agencies whose primary purpose is education * * * The executive and administrative arm of [petitioner] is the State Education Department."