■ In the Matter of JEFFERSON COUNTY et al., Petitioners, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [613 NYS2d 73] —Determination unanimously confirmed without costs and petitions dismissed. Memorandum: In this CPLR article 78 proceeding, transferred to our Court pursuant to CPLR 7804 (g), petitioners Jefferson County (County), Jefferson Community College (College) and the Civil Service Employees Association, Inc., Local 1000 (CSEA) seek to annul a determination of respondent New York State Public Employment Relations Board (PERB) that granted the application of respondent Jefferson County Community College Education Support Personnel Association (Association) to decertify CSEA as the representative of certain noninstructional employees of the College and directed that an election be held in which the CSEA and the Association could participate.

PERB is the agency responsible for implementing the Taylor Law *(see,* Civil Service Law § 205). The scope of judicial review of PERB's interpretation of the Civil Service Law is limited. Unless the determination is affected by an error of law or is arbitrary and capricious, it will be upheld *(see, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.,* 48 NY2d 398, 404; *Matter of University of State of N. Y. v Newman,* 180 AD2d 396, 398). We conclude that PERB's determination is based upon a proper interpretation of the Public Employees' Fair Employment Act (Civil Service Law art 14) and is consistent with prior decisions that a county-sponsored community college is a separate legal entity and a joint employer with the sponsoring county *(see, Matter of Genesee Community Coll. [County of Genesee],* 24 PERB ¶ 3017; *Matter of Niagara County Community Coll. [County of Niagara],* 23 PERB ¶ 4052; Dutchess Community Coll., 17 PERB ¶ 3010). PERB properly fragmented those employees of the multi-employer unit from the existing county-wide single-employer bargaining unit represented by CSEA. Thus, no evidentiary hearing is necessary. (Article 78 Proceeding Transferred by Order of Supreme Court, Jefferson

County, Gilbert, J.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.