OPINION OF THE COURT
Louis C. Benza, J.
Respondents move this court to dismiss petitioner’s CPLR article 78 application for failure to state a cause of action and that his claims are nonjusticiable pursuant to CPLR 3211 (a) (7). Petitioner opposes such relief.
*875 Between April 1993 through March 2003, petitioner was employed as a civilian employee of respondent State of New York Division of Military and Naval Affairs (hereinafter DMNA) as an Airport Firefighter 3 at Suffolk Air National Guard Base in Suffolk County. Petitioner’s position was classified as Management/Confidential (M/C)-19 and, as such, he was not permitted to be a union member. At the time of his promotion to Airport Firefighter 3, petitioner received the Handbook for Management/Confidential Employees (hereinafter handbook). The handbook was revised in 1997. This version stated that while M/C employees are not protected by the Taylor Law for union representation, many of the same benefits applied to M/C employees. Further, the handbook stated that Civil Service Law § 75 outlines the rights of M/C employees subject to disciplinary action, including rights to representation and a hearing on stated charges. The handbook stated, however, that only specified M/C employees were entitled to these protections, including exempt volunteer firefighters as defined in the General Municipal Law and employees with five continuous years of service who do not hold confidential positions or influence policy. In December 1994 and September 1995, petitioner received two notices of discipline advising him of alleged misconduct and the grievance procedure. These notices resolved favorably for petitioner. Thereafter, in March 2003, without prior notice or warning, petitioner received a termination notice from respondent Thomas P. McGuire. Petitioner subsequently commenced the instant CPLR article 78 proceeding alleging that, prior to his termination, he was not provided with, inter alia, a hearing pursuant to the grievance procedure as outlined in his employee handbook.
Respondents now move to dismiss the petition contending that as a DMNA employee, petitioner is not entitled to any protection under the Civil Service Law, and as petitioner’s termination is a matter of military policy, petitioner’s claim is not justiciable. In opposition, petitioner counters that the handbook stated that certain categories of M/C employees were entitled to Taylor Law protection and that he fits into one of these categories.
At the outset, DMNA is a public employer within the purview of the Taylor Law (see, Civil Service Law § 201 [6]; Matter of State of New York v Public Empl. Relations Bd., 103 AD2d 876). Further, petitioner is a public employee as he holds a position by appointment in the employment of a public employer (see, Civil Service Law § 201 [7] [a]; Matter of State v Public *876 Empl. Relations Bd., supra). The fact that employees of DMNA are not considered to be in the civil service of the State is not dispositive inasmuch as nothing in the Taylor Law limits its protection to public employees in the civil service (see, Matter of State v Public Empl. Relations Bd.). Contrary to respondents’ contention, therefore, petitioner is not excepted from Civil Service Law protection simply because he is an employee of DMNA (id.). Rather, Civil Service Law § 201 (7) (a) only excepts from Taylor Law protection, as relevant here, employees who hold positions by appointment or employment in the organized militia of the State, or are designated as managerial or confidential (see, id.). The organized militia is comprised of “the New York army national guard; the New York air national guard; the inactive national guard; the New York naval militia; the New York guard whenever such a state force shall be duly organized and such additional forces as may be created by the governor” (Military Law § 2 [1]). Thus, petitioner’s position as a civilian airport firefighter is not contained within the organized militia and, therefore, he is not exempt from the Taylor Law on this basis.
The determination as to whether petitioner is considered a managerial or confidential employee and, therefore, is excepted on this basis is another matter. Civil Service Law § 201 (7) (a) provides that a public employer may apply for exception of certain managerial and confidential employees from Taylor Law protection.[1] The record does not reveal whether DMNA applied to have any M/C employees exempt from Taylor Law protection under this exception. The court notes that an inference could be made that DMNA had some managerial and confidential employees excepted from the Taylor Law through the process articulated in Civil Service Law § 201 (7) (a) inasmuch as the Governor’s Office of Employee Relations, an administrative entity charged with overseeing employee relations, distributed the handbook indicating that only certain M/C employees are entitled to Taylor Law protection. Further, petitioner does not argue in his petition or in opposition to this motion that he is automatically entitled to Taylor Law protection by virtue of his status as a public employee and, at least, tacitly acknowledges by virtue of his sole reliance on the *877 handbook that not all M/C employees are protected by the Taylor Law. Indeed, he relies on the handbook that provides for the protection of certain M/C employees and argues that he fits into one of the four categories articulated (verified petition, exhibit B, at 4). Petitioner avers that he falls within the category, employees with five continuous years of service and who do not hold designated confidential positions or influence policy (id.).[2] At this juncture in the record, the court cannot determine whether DMNA sought to except certain M/C employees from Taylor Law protection through the process referred to in Civil Service Law § 201 (7) (a) and, if it did, whether petitioner falls within one of the categories in the handbook that exempts certain M/C employees from this exception. In any event, inasmuch as respondents’ motion to dismiss relies upon an initial determination that the Taylor Law does not apply and petitioner’s claims are not justiciable, which the court rejects, respondents’ motion to dismiss necessarily fails.
Accordingly, respondents’ motion to dismiss is denied and respondents are accorded 30 days within which to answer the petition.

. DMNA Regulation 690-1 cited by respondents is of little assistance in this determination because although it provides that the “Adjutant General * ** * may terminate at will M/C nonstatutory state positions * * *, [its] authority * * * is subject * * * to the Civil Service Law” (affidavit of Thomas McGuire, exhibit A).

. While petitioner is also a volunteer firefighter and avers that the handbook provides an exception for volunteer firefighters, the court is unclear how his status as a volunteer firefighter would effect the loss of his airport firefighter position.