■ MARIA NIEVES, as Administratrix of the Estate of DIONISIO NIEVES, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants. — Judgment, Supreme Court, Bronx County (Stolarik, J.), entered January 23, 1981 on a verdict in favor of plaintiff in the sum of $194,000 unanimously reversed, on the law, without costs or disbursements, and the complaint dismissed. Plaintiff has recovered a $194,000 verdict for wrongful death against the City of New

York and the New York City Health and Hospitals Corporation, in an action based on psychiatric malpractice. The decedent committed suicide on April 6, 1966, one month after his discharge from Lincoln Hospital, where he had been treated for a self-inflicted stab wound. During the five-day hospitalization decedent had been seen twice by a psychiatrist. On the second visit, the day of his discharge, the psychiatrist found decedent to be alert, rational and cooperative. Nonetheless the psychiatrist rejected the decedent's explanation that he had fallen from a ladder while painting and that an open knife in his shirt pocket penetrated his chest, and concluded instead that the decedent had stabbed himself in the emotional aftermath of an argument with his wife. Plaintiff's expert could not state with a reasonable degree of certainty that this circumstance indicated that the decedent tried to commit suicide. Nor could he find in the psychiatric interview evidence of any current suicidal ideation. Even assuming that defendants were negligent in discharging the decedent without further treatment for his psychiatric condition, plaintiff failed to prove that such negligence was a proximate cause of the suicide. Without such proof, liability cannot be imposed. (See *Torres v City of New York,* 44 NY2d 976, 978; *Lichtenstein v Montefiore Hosp. & Med. Center,* 56 AD2d 281; *Paradies v Benedictine Hosp.,* 77 AD2d 757, 759.) Plaintiff's expert did testify that the suicide "could have been" a result of the decedent's discharge, and that it was "possible" that had he received treatment he would not have taken his own life. But when pressed as to whether he could state with reasonable medical certainty that the decedent would not have committed suicide had further care and treatment been provided, he replied that he "[had] no opinion on that." Furthermore, when asked whether the suicide one month after decedent's discharge from Lincoln Hospital could be directly attributed to the discharge, plaintiff's expert answered, "With a degree of medical certainty I cannot say that this was the cause of death." Although the use of the words "possible" and "could have been" do not necessarily destroy the probative value of an expert's opinion which is otherwise " 'fortified by detailed explanation and other facts in the record which add to its reasonableness and probable correctness' " (*Matter of Miller v National Cabinet Co.,* 8 NY2d 277, 282 citing *Matter of Zaepfel v du Pont de Nemours & Co.,* 284 App Div 693, 696, affd 309 NY 962), a review of this record discloses that the testimony on causation was based on mere speculation. The complaint must be dismissed. Were we not dismissing the complaint we would, in any event, set the verdict aside as excessive. Concur — Sullivan, J. P., Carro, Asch, Silverman and Fein, JJ.