■ Louise Mucciola, Individually and as Administratrix of the Estate of John B. Mucciola, Deceased, Appellant, v City of New York, Respondent.—In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 15, 1990, which denied her motion which was denominated as one pursuant to CPLR 5015 (a) (1), but which, in actuality, was for leave to reargue a prior motion to restore the action to the trial calendar.

Ordered that the appeal is dismissed, with costs.

On March 25, 1988, the instant action was marked off the trial calendar. One year later, the action was automatically dismissed pursuant to CPLR 3404 *(see, e.g., Rosser v Scacalossi,* 140 AD2d 318).

On or about March 28, 1989, the plaintiff made the first of three motions to restore her action to the trial calendar. The first motion was allegedly rejected by the Clerk and was never submitted. On or about June 21, 1989, the plaintiff made her second motion to restore her action to the calendar. This

motion was denied in an order dated October 10, 1989. On or about November 28, 1989, the plaintiff made the instant motion to restore her action to the calendar, this time characterizing it as a motion pursuant to CPLR 5015 (a) (1). In an order dated February 15, 1990, this motion was likewise denied. The present appeal is from the order dated February 15, 1990, only.

Although the instant motion bore a different label, it was in substance identical to the previous ones. All of these motions were directed toward the attainment of the same relief, i.e., the vacatur of the automatic dismissal of the action, and the restoration of the action to the trial calendar. Although the instant motion may have been supported by certain information which had not been furnished to the court in connection with the plaintiff's second motion, all of the additional information should have been available to the plaintiff at the time that her second motion was made. Since there is no proof that any new facts alleged on the instant motion were unavailable to her at the time of her second motion, the instant motion is, in actuality, for reargument. The appeal must be dismissed because an order denying reargument is not appealable (see, Wodecki v Carty, 167 AD2d 398; Tobjy v Tobjy, 163 AD2d 303; Dunn v American Home Assur. Co., 158 AD2d 505; Spear v Herbert, 152 AD2d 558; Huttner v McDaid, 151 AD2d 547; Mgrditchian v Donato, 141 AD2d 513). Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.