■ NANCE KOPEL, Appellant, v LAWRENCE CHIULLI et al., Respondents. (Action No. 1.) NANCE KOPEL, Appellant, v LAWRENCE CHIULLI et al., Respondents. (Action No. 2.) [596 NYS2d 692] —In consolidated actions, *inter alia,* for the partition of real property, the plaintiff appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered August 27, 1990, as granted that branch of the motion of the defendants Lawrence Chiulli, William Cohen and Platt & Cohen which was for summary judgment dismissing the complaints, and (2) from an order of the same court, entered April 10, 1991, which denied her motion which was denominated as one for leave to renew, but which, in actuality, was for leave to reargue the prior motion for summary judgment.

Ordered that the order entered August 27, 1990, is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the motion which was for summary judgment dismissing the complaints is denied, and the complaints are reinstated; and it is further,

Ordered that the appeal from the order entered April 10, 1991, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument *(see, Mucciola v City of New York,* 177 AD2d 553; *Wodecki v Carty,* 167 AD2d 398; *Huttner v McDaid,* 151 AD2d 547).

Contrary to the findings of the Supreme Court, we conclude that the motion papers and the documentary evidence contained in the record raised triable issues of fact concerning the intent of the plaintiff and the defendant Lawrence Chiulli at the time they entered into the subject conveyance and mortgage agreement. Similarly, questions of fact exist regarding whether the unilateral alteration and recording of a deed to the disputed real property constituted fraud under the circumstances of this case. Accordingly, summary judgment is inappropriate on the present record *(see generally, Daliendo v Johnson,* 147 AD2d 312). Sullivan, J. P., Miller, Ritter and Pizzuto, JJ., concur.