■ LOUISE MUCCIOLA, Individually and as Administratrix of the Estate of JOHN B. MUCCIOLA, Deceased, et al., Appellants, v CITY OF NEW YORK, Respondent. [616 NYS2d 227] —In a wrongful death action, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered January 7, 1993, which, upon the denial of their motion to restore the action to the trial calendar, is in favor of the defendant and against them. This appeal brings up for review an order of the same court dated October 10, 1989, which denied the plaintiffs' motion to restore their action to the trial calendar.

Ordered that the judgment and order are affirmed, with costs.

The procedural history of this case is outlined in Mucciola v City of New York (177 AD2d 553). On the present appeal from the final judgment in favor of the defendant, we review the prior order dated October 10, 1989, but not the prior order dated February 15, 1990. The latter order denied what was in effect a motion to reargue (Mucciola v City of New York, supra, at 553; see also, CPLR 5501 [a] [1]; Polednak v County-Wide Ins. Co., 153 AD2d 930).

We see no improvident exercise of discretion in the Supreme Court's denial of the plaintiffs' motion to restore their action

to the trial calendar. There is no competent evidence to establish that the defendant's agents undertook a special relationship with the plaintiffs' decedent *(see, Cuffy v City of New York,* 69 NY2d 255; *Mahnke v County of Westchester,* 203 AD2d 336) or that the failure of the defendant's agents to compel the decedent to go to the hospital was the cause in fact of the decedent's subsequent suicide *(see, Nieves v City of New York,* 91 AD2d 938; *Moye v City of New York,* 168 AD2d 342; *Cygan v City of New York,* 165 AD2d 58, 68). In addition to this failure to demonstrate the merit of the plaintiffs' cause of action, the plaintiffs' attorney failed to present a valid excuse for his failure to make a motion to restore the action to the calendar within one year *(see,* CPLR 3404; 22 NYCRR 202.21 [f]; *Barton v Jablon,* 181 AD2d 755; *Balducci v Jason,* 133 AD2d 436; *cf., Syndicate Bldg. Corp. v Lorber,* 193 AD2d 506).

For these reasons, the judgment appealed from and the order brought up for review should be affirmed. Mangano, P. J., Bracken, Joy and Hart, JJ., concur.