■ TAMMY LAWLOR, ESQ., et al., Appellants, v LENOX HILL HOSPITAL, Respondent. [905 NYS2d 60]—

Judgment, Supreme Court, New York County (Alice

Schlesinger, J.), entered May 14, 2009, in favor of defendant dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 20, 2009, which granted defendant's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Kevin Herlihy received treatment from defendant Lenox Hill Hospital on three occasions for alcohol-related injuries and conditions. A month after his last hospitalization at Lenox Hill, Herlihy had an alcohol-related seizure which caused him to fall and sustain permanent brain damage. In this medical malpractice action, plaintiffs allege that defendant departed from good and accepted medical practice by failing to, among other things, psychiatrically evaluate Herlihy during his three hospitalizations and by failing to involuntarily commit him for further treatment. Defendant moved for summary judgment and the IAS court granted the motion. We affirm.

Plaintiffs never argued below that the affirmations of defendant's experts failed to establish prima facie entitlement to summary judgment and we decline to consider the issue (see Vasquez v Reluzco, 28 AD3d 365, 366 [2006]). Were we to consider it, we would find that defendant met its burden of establishing that there was no departure from good and accepted medical practice or that any departure was not the proximate cause of the injuries alleged (Alvarez v Prospect Hosp., 68 NY2d 320, 326 [1986]).

The IAS court properly determined that plaintiffs' expert failed to raise an issue of fact. First, alcoholism is not considered a mental illness under the Mental Hygiene Law and a person cannot be involuntarily confined under that statute solely for treatment of alcoholism (see Mental Hygiene Law §§ 9.27, 9.39; see also Matter of Michael S., 166 Misc 2d 875 [Sup Ct, Westchester County 1995]). In addition, even if Lenox Hill failed to properly examine or treat Herlihy on each occasion he was in the hospital, it is speculative to conclude that these alleged departures proximately caused Herlihy's fall and resulting brain damage in June 2004 (see generally Nieves v City of New York, 91 AD2d 938 [1983]). Concur—Andrias, J.P., Friedman, Nardelli and Acosta, JJ.