■ KEVIN KOWALSKI, Respondent, v ST. FRANCIS HOSPITAL
AND HEALTH CENTERS et al., Appellants, et al., Defendants. [944
NYS2d 182]—

In an action to recover damages for medical malpractice, etc.,
the defendant St. Francis Hospital and Health Centers appeals,
and the defendant Emergency Physician Services of New York,
P.C., separately appeals, as limited by their respective briefs,
from so much of an order of the Supreme Court, Dutchess
County (Sproat, J.), entered June 1, 2011, as denied their re-
spective motions for summary judgment dismissing the
complaint insofar as asserted against them, and the defendant
Chandra Chintapalli appeals, as limited by his brief, from so
much of the same order as denied that branch of his motion
which was for summary judgment dismissing the complaint
insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from,
on the law, with one bill of costs payable to the appellants, the
motions of the defendants St. Francis Hospital and Health
Centers and Emergency Physician Services of New York, P.C.,
for summary judgment dismissing the complaint insofar as as-
serted against them are granted, and that branch of the motion
of the defendant Chandra Chintapalli which was for summary
judgment dismissing the complaint insofar as asserted against
him is granted.

On December 20, 2006, at approximately 11:20 A.M., the
plaintiff, while intoxicated from the consumption of alcohol, vol-
untarily came to the defendant St. Francis Hospital and Health
Centers (hereinafter St. Francis) seeking entry into a detoxifica-
tion program. However, several hours later, the plaintiff left the
hospital before he was formally discharged. At about 5:30 P.M.,
the plaintiff was struck by a vehicle while trying to cross Route
9, near its intersection with Marist Drive in Poughkeepsie. The
plaintiff commenced this action against, among others, his
examining physician Chandra Chintapalli, St. Francis, and
Emergency Physician Services of New York, P.C. (hereinafter
EPS), alleging that they were negligent in not detaining him in-
voluntarily.

A person who is brought voluntarily to a medical facility for
treatment of alcoholism cannot be involuntarily confined solely
for that treatment (see Mental Hygiene Law § 22.09 [d]; *Lawlor
v Lenox Hill Hosp.*, 74 AD3d 695, 696 [2010]; *Mottau v State of
New York*, 174 Misc 2d 884, 888 [1997]; *Matter of Michael S.*,

166 Misc 2d 875, 878 [1995]). Here, the defendants Chintapalli, St. Francis, and EPS established, prima facie, via their respective motions for summary judgment, that they lacked authority to confine the plaintiff upon his departure from St. Francis, where he voluntarily sought treatment. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the respective motions of St. Francis and EPS for summary judgment dismissing the complaint insofar as asserted against them, and that branch of Chintapalli's motion which was for summary judgment dismissing the complaint insofar as asserted against him (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Rivera, J.P., Chambers, Austin and Roman, JJ., concur.