■ TZVEE WOOD, Appellant, v NYU HOSPITALS CENTER et al., Respondents, et al., Defendants. [984 NYS2d 342]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered October 24, 2011, dismissing plaintiff's second, third, ninth and eleventh causes of action and the remaining punitive damages claims as to the first and fourth causes of action, and dismissing the complaint as against defendant Dr. Scott Schwarz, and bringing up for review the order, same court and Justice, entered March 7, 2011, which granted so much of defendants NYU Hospitals Center, NYU Health System, New York University, Dr. Scott Schwarz, Dr. Ramesh P. Babu, and Dr. Laszlo Feher's motion for summary judgment as sought dismissal of those claims and severed the dismissed claims, and the order, same court and Justice, entered June 27, 2011, clarifying the prior order, unanimously affirmed, without costs.

The court properly dismissed the second cause of action, which alleged that defendants failed to assist decedent in ambulating to the bathroom, contributing to his fall. On the motion, neither plaintiff nor his expert addressed this claim with reference to the records reflecting that decedent had been so assisted less than an hour earlier, at which time safety precautions had been maintained. Plaintiff's related assertion that defendants failed to implement "high risk fall prevention measures" was the subject of a claim that was subsequently tried before, and rejected by, a jury.

The court properly dismissed the third cause of action which, on its face, was limited to the interpretation of a December 15, 2004 CT scan, as plaintiff's expert did not refute defendants' prima facie showing that the scan was negative for a bleed.

As New York does not recognize an independent claim for spoliation (see Ortega v City of New York, 9 NY3d 69, 80-83 [2007]), the ninth cause of action was properly dismissed. Plaintiff's argument that Ortega does not apply because the instant claims involve first-party, rather than third-party, spoliation, is not persuasive (see Hillman v Sinha, 77 AD3d 887 [2d Dept 2010]).

Plaintiff's challenge to the sufficiency of the moving papers as to the eleventh cause of action is unpreserved and we decline to review it (see Lawlor v Lenox Hill Hosp., 74 AD3d 695 [1st Dept 2010], lv denied 15 NY3d 713 [2010]). Were we to consider the argument, we would find it unavailing as defendants' expert opined that, given decedent's medical condition, it was appropriate for defendants to counsel decedent's family regarding a do not resuscitate order.

Under the doctrine of law of the case, the subsequent defense verdict on the eighth cause of action precludes plaintiff from pursuing his related, unpleaded cause of action for punitive

damages (see *Carmona v Mathisson*, 92 AD3d 492, 494 [1st Dept 2012]).

Finally, we find that the dismissed claims were properly severed (see CPLR 603, 3212 [e] [1]). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Freedman and Kapnick, JJ.