Jonathan Jacobs, Appellant,
against
Judy Farkas, Respondent.




Michael H. Zhu, Esq., for appellant.
The Bernstein Law Firm (Michael I. Bernstein, Esq.), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County, entered April 16, 2015. The judgment dismissed the action. The appeal from the judgment brings up for review an order of the same court (William A. Viscovich, J.) dated January 3, 2013 denying plaintiff's motion to restore the action to the calendar.




ORDERED that the judgment is reversed, without costs, and the provision dismissing the action is vacated.
Plaintiff commenced this action in the Supreme Court, Queens County, to recover the principal sum of $95,000 based on a promissory note. The Supreme Court transferred the action to the Civil Court pursuant to CPLR 325 (d) on December 16, 2011. When plaintiff failed to appear at a conference on February 6, 2012, the Civil Court marked the case off the calendar. Thereafter, by order dated March 29, 2012, the Civil Court (Barry A. Schwartz, J.) restored the action to the trial calendar on consent. On September 12, 2012, when plaintiff failed to appear at a scheduled conference, the court (Charles S. Lopresto, J.) marked the action off the calendar. Plaintiff moved to restore the action to the calendar. By order dated January 3, 2013, the court (William A. Vischovich, J.) denied the motion, with leave to renew upon proper papers. Plaintiff's subsequent motion to restore the action to the calendar was denied by order of the Civil Court (Maureen A. Healy, J.) dated February 26, 2013, on the ground that plaintiff had not presented sufficient evidence to support his excuse for failing to appear in court on September 12, 2012. In January 2014, plaintiff moved for leave to renew and reargue the orders dated January 3, 2013 and February 26, 2013. By order dated April 9, 2013, the court (William A. Viscovich, J.), upon granting leave to renew and reargue, denied plaintiff's motion to restore the action to the calendar. Finally, in July 2014, plaintiff moved again, in effect, for leave to reargue. By order dated August 20, 2014, the court (Cheree A. Buggs, J.), in effect, denied leave to reargue. A judgment was entered on April 16, 2015 dismissing the action.
On appeal, plaintiff contends that the judgment should be reversed and the action restored to the calendar. In his brief, plaintiff raises issues that concern only the judgment and the orders dated January 3, 2013 and August 20, 2014.
Pursuant to Uniform Rules for New York City Civil Court (22 NYCRR) § 208.14 (b) (2), a court may dismiss an action when a plaintiff is unable to proceed to trial at the call of the calendar (see Chen v Hossain, 41 Misc 3d 142[A], 2013 NY Slip Op 52022[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see also Fink v Antell, 19 AD3d 215 [2005]). When plaintiff failed to appear on September 12, 2012, the Civil Court marked the case off the calendar, but did not dismiss the action. Consequently, the judgment entered April 16, 2015 dismissing the action must be reversed since no order has been issued pursuant to Uniform Rules for New York City Civil Court (22 NYCRR) § 208.14 (b) (2) dismissing the action, and no motion has been made for the entry of a judgment dismissing the action.
Pursuant to Uniform Rules for New York City Civil Court (22 NYCRR) § 208.14 (c), when an action has been stricken from the calendar, a party may move within a year to restore the action to the calendar, which motion "must be supported by affidavit by a person having firsthand knowledge, satisfactorily explaining the reasons for the action having been stricken and showing that it is presently ready for trial."
Here, plaintiff's initial affidavit, dated December 12, 2012, in support of the motion to restore the action to the calendar contains neither an explanation as to why the action had been stricken nor a showing that it was presently ready for trial (see Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.14 [c]; Gaetane Physical Therapy, P.C. v Kemper Auto & Home Ins. Co., 50 Misc 3d 144[A], 2016 NY Slip Op 50255[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Consequently, plaintiff's motion was properly denied in the order of the Civil Court (William A. Viscovich, J.) entered January 3, 2013.
We note that the contention raised in plaintiff's brief regarding the order (Cheree A. Buggs, J.) dated August 20, 2014, which, in effect, denied leave to reargue plaintiff's motion to restore the action to the calendar, is not reviewable on this appeal from the judgment that was subsequently entered (see CPLR 5517 [b]; Goldberg v Zawada, 36 AD3d 756 [2007]; Chateau D' If Corp. v City of New York, 219 AD2d 205, 207 [1996]; Mucciola v City of New York, 207 AD2d 435 [1994]).
Accordingly, the judgment is reversed and the provision dismissing the action is vacated.
WESTON, J.P., PESCE and SOLOMON, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 01, 2017