Rodriguez v Isabella Geriatric Ctr. Inc. (2024 NY Slip Op 02608)

Rodriguez v Isabella Geriatric Ctr. Inc.

2024 NY Slip Op 02608

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 152618/17 Appeal No. 2247-2248 Case No. 2023-01631, 2023-02144 

[*1]Cynthia Rodriguez, as Administrator of the Estate of Luz Rivera, Deceased, Plaintiff-Appellant,
v
Isabella Geriatric Center Inc., Defendant-Respondent. 

Fellows Hymowitz Rice LLC, New City (Joanne R. Horowitz of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (Lisa Fleischmann of counsel), for respondent.

Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about March 28, 2023, dismissing the complaint, and bringing up for review an order, same court and Justice, entered March 9, 2023, which granted defendant's motion for summary judgment, unanimously reversed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
We disagree with the motion court that all of plaintiff's claims were based on medical malpractice rather than ordinary negligence. Some of plaintiff's claims may be properly assessed by the trier of fact based on common knowledge and experience (see Martuscello v Jensen, 134 AD3d 4, 12 [3d Dept 2015]).
Defendant met its initial burden by submitting the affirmation of a medical doctor specializing in geriatric medicine attesting to defendant's compliance with the applicable standard of care for patients like decedent (see Lawlor v Lenox Hill Hosp., 74 AD3d 695, 696 [1st Dept 2010], lv denied 15 NY3d 713 [2010]). Plaintiff, however, raises a triable issue of fact in opposition. Supreme Court disregarded plaintiff's nursing expert's opinion because she is not a medical doctor. However, the standard of care at issue clearly falls within the duties and expertise of a registered nurse. At the defendant nursing home, patient assessments were performed by registered nurses and evaluated by a team which included registered nurses. The nursing expert's curriculum vitae demonstrates that she has a Bachelor of Science in nursing from the University of the State of New York, is licensed as a registered nurse in New York, and has worked in nursing since 1980. In particular, she has over fifteen years of experience conducting plan of care assessments for high-risk nursing home patients. Therefore, plaintiff's nursing expert demonstrated that she has the requisite experience and expertise to opine as to the proper medical standard for preventing falls in elderly patients with dementia residing in skilled nursing facilities and whether defendant deviated from that standard (see Jackson v N. Manhattan Nursing Home, Inc., 202 AD3d 439 [1st Dept 2022]).
Furthermore, challenges regarding an expert witness's qualifications affect the weight to be accorded the expert's views, not their admissibility (see Adamy v Ziriakus, 92 NY2d 396, 402 [1998]). Therefore, plaintiff has sufficiently alleged a triable issue of fact and defendant's motion for summary judgement should be denied. We have considered and rejected the parties' remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024