■ JACQUELINE SCHOZER, Respondent, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Appellant. [602 NYS2d 203] —In an action to recover the proceeds of a life insurance policy, the defendant appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered November 1, 1991, which, upon a jury verdict finding in favor of the plaintiff, awarded her the proceeds under her deceased husband's life insurance policy.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendant's contentions, the X ray report it sought to admit into evidence at trial is inadmissible without the introduction of the underlying X ray (see, *Hambsch v New*

*York City Tr. Auth.,* 63 NY2d 723, 725; *Marion v Coon Constr. Co.,* 216 NY 178). Further, the X ray report is not a business record since, in this case, it was not created for the purpose of diagnosis and treatment *(see, Wilson v Bodian,* 130 AD2d 221, 231).

We find that, given the broad discretionary powers of a trial court to control the case before it, it was not an improvident exercise of discretion for the trial court to preclude admission of the newly found X ray on the last day of trial after all the witnesses had testified *(see, Feldsberg v Nitschke,* 49 NY2d 636, 643; *Agate v Morrison,* 84 NY 672; *People v Lugo,* 140 AD2d 715, 716). Rosenblatt, J. P., Lawrence, O'Brien and Ritter, JJ., concur.