■ MADLAINE BALJIT, Individually and as Mother and Natural Guardian of MANIRAM BALJIT, Respondent, v SUZY's DEPARTMENT STORE, INC., Appellant, et al., Defendant. [621 NYS2d 76] —Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered on or about March 23, 1994, which, *inter alia,* denied the motion by defendant Suzy's Department Store, Inc., for summary judgment pursuant to CPLR 3212 dismissing the plaintiff's complaint as against it, as barred by the Workers' Compensation Law, unanimously reversed to the extent appealed from, on the law, without costs, the motion is granted and the complaint is dismissed as against Suzy's, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint, without costs.

Plaintiff's personal injury action against his employer, Suzy's, is barred by Workers' Compensation Law §§ 10, 11, and 29 (6), which provide that workers' compensation benefits are an employee's sole and exclusive remedy, and by Workers' Compensation Law § 54 (4), whereby all employees of an employer are deemed covered by the employer's workers' compensation policy, regardless of whether an employee may have been working "off the books", where the employer has secured a policy of insurance coverage.

Inasmuch as plaintiff does not dispute that he was employed by Suzy's, albeit "off the books", or that he was injured in the

course of his employment, and concedes that Suzy's had a workers' compensation insurance policy, he has failed to sustain his burden of alleging and proving noncoverage *(Murray v City of New York,* 43 NY2d 400, 407).

As to his contention that public policy requires that Suzy's be estopped from relying upon the exclusivity provisions of the Workers' Compensation Law because of its "fraud" in hiring employees "off the books" (the latter is merely plaintiff's contention), thus reducing its insurance premiums which are determined by the number of its employees, such alleged fraud, if any, would be against Suzy's compensation carrier and neither injured the plaintiff, nor had any direct connection to his injuries or the benefits sought. The compensation carrier would be entitled to recoup any unpaid premiums on its policy *(see, e.g.,* Workers' Compensation Law § 92 with reference to adjustment of premiums based upon estimated expenditures of wages for policy period). Concur—Ellerin, J. P., Kupferman, Asch and Rubin, JJ.