■ Arline Kuznetz, Respondent, v County of Nassau et al., Appellants. [645 NYS2d 520] —In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated December 1, 1994, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff was an adjunct professor of English at Nassau Community College (hereinafter the College). On September 2, 1992, while on her way to teach an English class at the College, the plaintiff tripped and fell on a staircase fracturing her ankle. The plaintiff received workers' compensation benefits in connection with the accident.

Thereafter, the plaintiff commenced this negligence action asserting that the College, the Board of Trustees of Nassau Community College (hereinafter the Board of Trustees), and the County of Nassau (hereinafter the County) negligently maintained the location where the plaintiff was injured, and that such negligence was the proximate cause of her injury. After the pleadings were exchanged, the defendants moved for summary judgment dismissing the action on the ground that the action was barred pursuant to Workers' Compensation Law § 11 since the defendants were the plaintiff's joint employers. The Supreme Court denied the motion finding that a question of fact existed as to which of the defendants were joint employers. We find that the defendants were entitled to summary judgment and therefore reverse.

We note that the plaintiff, in her bill of particulars, admitted that the County was her employer. Thus, the branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the County should have been granted.

There is also sufficient proof to find that the College and the County were joint employers of the plaintiff. The County is the local sponsor of the College and holds title to its property in trust for its benefit *(see,* Education Law § 6306 [4]). The management of the affairs of the College rests with its Board of Trustees *(see,* Education Law § 6306 [5]). The plaintiff was appointed as an adjunct faculty member of the College. The appointment

was made pursuant to a contract between the Adjunct Faculty Association, the College, and the County. Thus, the County and the College should be considered the plaintiff's joint employers *(see generally, Jefferson County v New York State Pub. Empl. Relations Bd.,* 204 AD2d 1001, *and cases cited therein).* The County and the College having shown their entitlement to summary judgment, the burden shifted to the plaintiff to show the existence of a factual question requiring a trial *(see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320). The plaintiff having failed to do so, the branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the College should have been granted.

We also reject the plaintiff's contention that merely because the Board of Trustees has some legally recognized existence outside of the College it cannot be the plaintiff's employer. It is clear from the statutory scheme which establishes the College *(see,* Education Law § 6301 *et seq.)* that the Board of Trustees is part and parcel of the College. While in some limited instances it may have some legally recognizable existence, such an existence, like that of a corporation's board of directors, does not sever all of its relations with the entity it manages and make it a separate artificial person, especially with regard to employees of that entity *(cf., Vaughn v City of New York,* 108 Misc 2d 994, *affd* 89 AD2d 944). Accordingly, the branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Board of Trustees should have been granted.

The plaintiff's remaining contentions are without merit. Thompson, J. P., Joy, Hart and Florio, JJ., concur.