■ JUAN LANPONT, Respondent, v SAVVAS CAB CORP., INC., et al., Appellants. [664 NYS2d 285] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered November 13, 1996, which, after a jury trial, awarded plaintiff $698,251, and bringing up for review an order of the Supreme Court, Bronx County (Howard Silver, J.), entered June 8, 1996, which denied defendants' application seeking leave to amend their answer to assert the affirmative defense of the exclusivity of Workers' Compensation and for dismissal of the complaint, unanimously reversed, on the law, without costs, the judgment vacated, defendants' motion to amend their answer to include the Work-

ers' Compensation defense is granted, and the matter is remanded to the Supreme Court for a determination as to the Workers' Compensation defense only, and otherwise affirmed.

On July 5, 1992, plaintiff Juan Lanpont was injured while working as an auto mechanic at a garage located at 618 West 49th Street in Manhattan. Plaintiff had been working under the hood of a taxi owned by defendant Savvas Cab Corp., Inc. (Savvas) for 10 or 15 minutes, with the taxi's motor running, when the car suddenly lurched forward pinning plaintiff against the garage wall. Defendant Sepyashvily (Sepyashvily), president of Savvas, told the police at the scene that he had accidentally put the car in drive instead of neutral, causing it to hit plaintiff. Plaintiff testified at trial that at the time of the accident he was employed by A & R Collision, but he also admitted that Sepyashvily was his supervisor, and was the person who gave him his work assignments. Notwithstanding plaintiff's acknowledgement that he was employed as a mechanic at the garage, he identified himself as a "pedestrian at the location" in his complaint and bill of particulars.

On or about August 24, 1992, plaintiff commenced this action against Sepyashvily as driver of the vehicle, and against Savvas as the owner of the vehicle. The defendants did not include Workers' Compensation among the affirmative defenses asserted in their verified answer. A jury was selected, and on June 21, 1996, the date the trial was scheduled to commence, defendants presented an order to show cause to the IAS Judge seeking permission to amend their answer to include Workers' Compensation as a complete defense, and for dismissal of the action on that basis. The IAS Judge summarily denied the motion. Defendants orally renewed their motion to amend the answer before the Trial Justice, to whom the case had been transferred, but the Trial Justice declined to hear the motion, citing the law of the case doctrine. Defendants challenge the denial of these motions.

"It is axiomatic that leave to amend pleadings should be freely given (CPLR 3025 [b]), that the determination of whether to allow or disallow the amendment is committed to the court's discretion (*Murray v City of New York*, 43 NY2d 400, 404-405), and that in the absence of surprise or prejudice, it is an abuse of discretion, as a matter of law, for the trial court to deny leave to amend an answer during or even after trial (*McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757; *see also, supra,* at 405)." (*Pensee Assocs. v Quon Shih-Shong*, 199 AD2d 73, 74). "In determining whether to grant a motion to amend an answer, the court should

consider the merit of the proposed defense and whether the plaintiff will be prejudiced by the delay in raising it [citations omitted]" (*Norwood v City of New York*, 203 AD2d 147, 148, *lv dismissed* 84 NY2d 849).

Generally, when an employee is injured during the course of his employment, his sole remedy against his employer is recovery under the Workers' Compensation Law (Workers' Compensation Law § 11; *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 156; *Baljit v Suzy's Dept. Store*, 211 AD2d 555). Workers' Compensation is also the exclusive remedy for an employee "when such employee is injured or killed by the negligence or wrong of another in the same employ" (Workers' Compensation Law § 29 [6]; *Naso v LaFata*, 4 NY2d 585, 589). Moreover, where it appears from the pleadings or other facts that the plaintiff was an employee of the defendant, the obligation of proving noncoverage falls on the plaintiff (*Murray v City of New York, supra,* at 407; *see also, Baljit v Suzy's Dept. Store, supra,* at 555-556).

Sufficient facts appear in the record to demonstrate the potential merit of the Workers' Compensation defense. Sepyashvily, also the president of Savvas, was plaintiff's supervisor, gave him his work assignments and distributed his wages. Sepyashvily also provided an affidavit in support of the motion to amend stating that he and plaintiff were both employees of Savvas, and that Savvas maintained a Workers' Compensation insurance policy for its employees. Attached as exhibits to defendants' motion were two registration forms from St. Clare's Hospital indicating that plaintiff had Workers' Compensation insurance, and a verified complaint in another action in which plaintiff states that he "was employed as a general mechanic by the defendant Aron Sepyashvily" and that the accident occurred "within the scope of his employment." This evidence was more than sufficient to put plaintiff to his burden of proving noncoverage.

Plaintiff has also failed to demonstrate that he would have been prejudiced by the amendment. The lateness of the motion, by itself, was no barrier (*Norwood v City of New York, supra,* at 148). "Plaintiff was required to establish prejudice accruing to him as a consequence of defendant's failure to timely assert the defense, and to include a showing that the prejudice could have been avoided if the defense had been timely asserted" (*Caceras v Zorbas*, 74 NY2d 884, 885). Plaintiff's conclusory assertions do not make out any legitimate claim of prejudice. Additionally, any claim of surprise is undermined by the fact that plaintiff himself misrepresented his relationship

to Savvas and Sepyashvily by referring to himself as a "pedestrian" in his complaint, although he indisputably was working in the garage as a mechanic at the time of the accident.

Moreover, a waiver of a defense will not occur unless the defendant ignores the issue "to the point of final disposition itself" (*Murray v City of New York, supra,* at 407). Since the motion to amend was made at the beginning of the trial, no waiver occurred. Accordingly, we grant leave to amend the answer, and remand this matter to the Supreme Court for a determination as to whether Workers' Compensation coverage existed.*

Defendants' remaining contentions do not warrant reversal. The x-ray report concerning plaintiff's knee injury was properly admitted as a certified copy of a hospital record (CPLR 4518 [c]; *see, Schozer v William Penn Life Ins. Co.,* 84 NY2d 639, *revg* 197 AD2d 510), notwithstanding the failure to produce the original x-rays (*Pegg v Shahin,* 237 AD2d 271). Defendants may not rely on an alleged violation of the best evidence rule since they objected to the introduction of the record at trial solely on hearsay grounds (*compare, Schozer v William Penn Life Ins. Co., supra,* at 646, *with Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725).

Contrary to defendants' argument, plaintiff's trial evidence established that he sustained serious injury under article 51 of the Insurance Law and that defendants' acts were the proximate cause of his injuries. Plaintiff testified that he had never injured his right knee or leg before; that the taxi pinned his right leg against the wall; that he felt severe pain in his right knee and even heard it breaking; and that he was immediately taken to St. Clare's Hospital, where he underwent an operation resulting in metal screws and plates being inserted in that knee. Further, plaintiff's medical records were admitted at trial, including an operative report and a discharge summary, which indicated that plaintiff sustained a fracture of the medial tibial plateau of the right knee. Plaintiff's physician, Dr. Colon, testified that he examined plaintiff six times in 1993 due to plaintiff's complaints of pain in his right knee and difficulty in walking. After examining plaintiff's hospital records and conducting a physical examination, Dr. Colon found a midline surgical scar on the right knee, abnormal alignment with a varus deformity, atrophy of his quadricep and instability of his

---

* In reaching this determination, we did not consider any evidence offered on appeal that was not before the IAS Court. Any finding made by the State Insurance Fund, subsequent to the filing of this appeal, regarding plaintiff's entitlement to Workers' Compensation benefits is for the trial court to consider on remand.

medial and lateral joints. Dr. Colon examined plaintiff again in May 1996, and diagnosed him with "traumatic internal derangement of the right knee."

This evidence establishes that plaintiff sustained a fracture, which constitutes a serious injury under Insurance Law § 5102 (d) (see, Matter of Travelers Ins. Co. v Job, 239 AD2d 289, 290; Kolios v Znack, 237 AD2d 333; cf., Wells v State of New York, 228 AD2d 581, 582, lv denied 88 NY2d 814). Causation was also proven, even in the absence of expert medical testimony, since the results of this alleged act of negligence are "within the experience and observation of an ordinary layman" (Mitchell v Coca-Cola Bottling Co., 11 AD2d 579; see also, Meiselman v Crown Hgts. Hosp., 285 NY 389; Parrott v Pelusio, 65 AD2d 914, 914-915).

The jury's award of $200,000 for past pain and suffering, and $500,000 for future pain and suffering, was supported by the trial testimony and did not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]). Accordingly, in the event the Workers' Compensation defense is found meritless by the Supreme Court on remand, and the complaint is not dismissed on that ground, the liability and damages verdict will stand and judgment may be reentered thereon. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.