■ RAUL MONGE, Appellant, v COLONY AT HARTSDALE CONDOMINIUM, Defendant, and BOARD OF MANAGERS OF COLONY AT HARTSDALE CONDOMINIUM, Respondent. [724 NYS2d 332] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered February 1, 2000, as granted that branch of the defendants' motion for summary judgment which was to dismiss the complaint insofar as asserted against the defendant Board of Managers of Colony at Hartsdale Condominium and denied his cross motion, *inter alia*, for partial summary judgment against that defendant on the issue of liability under Labor Law § 240.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured while employed as a porter by the defendant Colony at Hartsdale Condominium (hereinafter Colony), and he commenced this action to recover damages based on, *inter alia*, Labor Law § 240. Since he received benefits pursuant to the Workers' Compensation Law for his injuries, the plaintiff conceded that Colony was entitled to dismissal of the complaint insofar as asserted against it based on the exclusivity provision of the Workers' Compensation Law (*see,* Workers' Compensation Law § 11).

The defendant Board of Managers of Colony at Hartsdale Condominium (hereinafter the Board) established prima facie that it is not a separate legal entity with respect to Colony's employees, and therefore the defense based on Workers' Compensation Law § 11 applies to it as well (*see, Kuznetz v*

*County of Nassau,* 229 AD2d 476). The by-laws of Colony gave the Board the authority to administer the affairs of Colony and to employ the personnel necessary for the maintenance of the common elements of Colony. The plaintiff failed to present evidence sufficient to raise a triable issue of fact as to the Board's claim that the action against it was barred by Workers' Compensation Law § 11. Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against the Board.

In view of our determination, the plaintiff's remaining contentions are academic. O'Brien, J. P., S. Miller, Smith and Crane, JJ., concur.