JOSE VILLATORO, Respondent, v GRAND BOULEVARD REALTY, INC., Defendant, and POPEI'S CLAM BAR LTD. OF DEER PARK, Appellant. [795 NYS2d 637]—

In an action to recover damages for personal injuries, the defendant Popei's Clam Bar Ltd. of Deer Park appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated September 21, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

Contrary to the holding of the Supreme Court, "[w]orkers' compensation is an exclusive remedy as a matter of substantive law, and where it appears that the plaintiff was an employee of the defendant, the obligation of alleging and proving noncoverage falls upon the plaintiff" (*Rainey v Jefferson Vil. Condo No. 11 Assoc.,* 203 AD2d 544, 546 [1994]; *see Murray v City of New*

*York,* 43 NY2d 400, 407 [1977]; *O'Rourke v Long,* 41 NY2d 219, 226 [1976]; *Heifetz v Metropolitan Jewish Geriatric Ctr.,* 135 AD2d 498, 500 [1987]; *Gyory v Radgowski,* 89 AD2d 867, 869 [1982]). The appellant established its prima facie entitlement to judgment as a matter of law through deposition testimony that the plaintiff was an employee covered by workers' compensation insurance. In opposition, the plaintiff failed to raise a triable issue of fact. Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.