■ JOSEPH H. BEAUCEJOUR, Respondent, v GENERAL LINEN SUPPLY AND LAUNDRY CO., INC., et al., Appellants, et al., Defendant. [833 NYS2d 228]—

In an action to recover damages for personal injuries, the defendants General Linen Supply and Laundry Co., Inc., and Cascade Linen Supply Corp. appeal from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), entered February 1, 2006, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants General Linen Supply and Laundry Co., Inc., and Cascade Linen Supply Corp., which was for summary judgment dismissing the complaint insofar as asserted against the defendant General Linen Supply and Laundry Co., Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant General Linen Supply and Laundry Co., Inc. (hereinafter General Linen), established its prima facie entitlement to judgment as a matter of law by proof that it was the plaintiff's employer, and that the exclusivity provisions of Workers' Compensation Law § 11 barred the plaintiff from seeking a recovery in tort against it (*see Villatoro v Grand Blvd. Realty, Inc.,* 18 AD3d 647, 647-648 [2005]). In support of that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against it, General Linen proffered the plaintiff's verified bill of particulars, wherein the plaintiff specifically alleged that he was employed by General Linen at the time he was injured, and thereafter collected workers' compensation benefits. In opposition, the plaintiff failed to

raise a triable issue of fact. Thus, the Supreme Court should have granted summary judgment to General Linen dismissing the complaint insofar as asserted against it (*see Kuznetz v County of Nassau*, 229 AD2d 476 [1996]).

The Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Cascade Linen Supply Corp. (hereinafter Cascade). The affidavit of General Linen's general counsel, submitted in support of that branch of the motion, was wholly lacking in probative value, as it was not based upon personal knowledge of the facts, and contained only conclusions of fact and law (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384 [2005]; *Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 383-384 [2004]). Because Cascade relied solely upon this affidavit in support of its argument that it was not a separate entity from General Linen, and was thus also entitled to assert the exclusivity provisions of the Workers' Compensation Law as a defense, it failed to proffer competent evidence in admissible form that General Linen and Cascade were mere alter egos of one another (*see Rivera v Mary Immaculate Hosp. Assn.*, 306 AD2d 265 [2003]). Accordingly, since the movants failed to demonstrate a prima facie entitlement to judgment as a matter of law in this regard, the Supreme Court properly denied the motion insofar as it sought summary judgment dismissing the complaint insofar as asserted against Cascade (*see Hageman v B & G Bldg. Servs., LLC*, 33 AD3d 860 [2006]; *Mournet v Educational & Cultural Trust Fund of Elec. Indus.*, 303 AD2d 474, 475 [2003]; *Constantine v Premier Cab Corp.*, 295 AD2d 303 [2002]).

In light of our determination, the appellants' remaining contentions concerning compliance with outstanding disclosure orders directed to the identification of the plaintiff's employer have been rendered academic. Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.