■ ROBERT HILLMAN et al., Respondents, v RABI R. SINHA, M.D., et al., Appellants. [910 NYS2d 116]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 29, 2009, as denied their motion to dismiss the second cause of action pursuant to CPLR 3211 (a) (7), and, in effect, to strike the allegations in the bill of particulars corresponding to that cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion to dismiss the second cause of action pursuant to CPLR 3211 (a) (7), and, in effect, to strike the allegations in the bill of particulars corresponding to that cause of action, is granted.

In 2007 the plaintiff Robert Hillman, a long-time patient of the defendant Rabi R. Sinha, M.D., was diagnosed with cancer by another doctor. Hillman's wife, the plaintiff Donna Hillman, advised Dr. Sinha that she was dissatisfied with the care her husband had received from him and that her husband would no longer be treating with him. Thereafter, Dr. Sinha, acting through his professional corporation, Rabi R. Sinha Physician, P.C., converted to an electronic medical records system and destroyed Robert Hillman's original medical records after converting them to an electronic format. In 2008 the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice. The plaintiffs' second cause of action sought recovery of damages for negligent spoliation of evidence based upon the destruction of Robert Hillman's original medical records at a time when the appellants knew or should have known

of the need to preserve them for "potential future litigation." The appellants moved to dismiss the second cause of action pursuant to CPLR 3211 (a) (7) and, in effect, to strike the corresponding allegations in the bill of particulars, contending that New York does not recognize an independent cause of action to recover damages for negligent spoliation of evidence. In the order appealed from, the Supreme Court, inter alia, denied the motion. We reverse the order insofar as appealed from.

In *Ortega v City of New York* (9 NY3d 69, 73 [2007]), the Court of Appeals held that no independent tort of third-party negligent spoliation of evidence was cognizable in New York. The Court reasoned that such a tort would require resort to "hypothetical theories or speculative assumptions about the nature of the harm incurred or the extent of plaintiff's damages" (*id.* at 81). In any event, the Court found that "existing New York remedies" were adequate to "deter spoliation" and to "appropriately compensate its victims" (*id.* at 79).

Given the Court's reasoning and holding, we see no reason to hold otherwise with respect to a proposed independent tort of "first-party negligent spoliation." As the Court of Appeals recognized in *Ortega*, New York courts have "broad discretion to provide proportionate relief to the party deprived of the lost evidence," including preclusion of proof favorable to the spoliator, adverse inference instructions, or, in extreme cases, striking responsive pleadings or dismissing the complaint (*id.* at 76; *see* CPLR 3126; *Dean v Usine Campagna*, 44 AD3d 603, 605 [2007]; *Horace Mann Ins. Co. v E.T. Appliances*, 290 AD2d 418 [2002]). Accordingly, we reverse the Supreme Court's order denying the appellants' motion to dismiss the second cause of action pursuant to CPLR 3211 (a) (7), and, in effect, to strike the allegations in the bill of particulars corresponding to that cause of action. Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.