■ PEDRO VARGAS et al., Respondents, v CROWN CONTAINER Co., INC., et al., Appellants, et al., Defendants. [980 NYS2d 500]—

In an action, inter alia, to recover damages for conscious pain and suffering and wrongful death, etc., the defendants Crown Container Co., Inc., Crown Container Waste Services Corp., Crown Container Transfer Station Co., Inc., and Ashim Ali appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated June 20, 2012, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting

the provisions thereof denying those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Crown Container Co., Inc., Crown Container Transfer Station Co., Inc. and Ashim Ali, and substituting therefor provisions granting those branches of the motion, and (2) by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action to recover damages based on negligent spoliation of evidence insofar as asserted against the defendant Crown Container Waste Services Corp., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs' decedent was employed as a helper on a private garbage truck owned by the decedent's employer, the defendant Crown Container Co., Inc. (hereinafter CCC), and operated by a coworker, the defendant Ashim Ali. The decedent sustained fatal injuries when the truck allegedly "shot" backward and pinned him against a garbage dumpster. The plaintiffs, the administrator of the decedent's estate and the decedent's infant son, by his mother and natural guardian, Veronica Ortega, commenced this action to recover damages for personal injuries and wrongful death against multiple defendants, including CCC, Crown Container Transfer Station Co., Inc. (hereinafter CC Transfer), Crown Container Waste Services Corp. (hereinafter CC Waste), and Ali. All of the Crown Container entities are owned and operated by the same individuals. Those entities and Ali (hereinafter collectively the appellants) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion.

The appellants demonstrated their prima facie entitlement to judgment as a matter of law with respect to those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against CCC and Ali based on the exclusivity provisions of the Workers' Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]; *Weiner v City of New York*, 19 NY3d 852, 854 [2012]; *Gonzales v Armac Indus.*, 81 NY2d 1, 8 [1993]; *O'Rourke v Long*, 41 NY2d 219, 222 [1976]). In opposition to the motion, the plaintiffs failed to raise a triable issue of fact. Veronica Ortega, through her deposition testimony, confirmed that she was awarded benefits for the workers' compensation claim she made on behalf of the decedent's infant son in connection with the decedent's death. Therefore, workers' compensation was the plaintiffs' exclusive remedy with respect to CCC and Ali (*see Myung Sook Cho-Oh v*

*Choi*, 102 AD3d 755 [2013]; *Goode v Woodside*, 74 AD3d 1279, 1280-1281 [2010]; *Castro v Salem Truck Leasing, Inc.*, 63 AD3d 1095, 1096 [2009]; *Beaucejour v General Linen Supply & Laundry Co., Inc.*, 39 AD3d 444, 444 [2007]; *Villatoro v Grand Blvd. Realty, Inc.*, 18 AD3d 647, 647-648 [2005]; *Hernandez v Yonkers Contr. Co.*, 292 AD2d 422, 424 [2002]; *Kuznetz v County of Nassau*, 229 AD2d 476 [1996]). To the extent that the plaintiffs contend that CCC is estopped from relying upon the exclusivity provisions of the Workers' Compensation Law because of its alleged "fraud" in hiring employees "off the books," that contention is without merit (*see Baljit v Suzy's Dept. Store*, 211 AD2d 555 [1995]; *see also* Workers' Compensation Law § 54 [4]; *Murray v City of New York*, 43 NY2d 400, 407 [1977]).

The appellants also established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against CC Transfer. The appellants' evidence demonstrated that CC Transfer did not own the subject garbage truck, that no employee of CC Transfer maintained or repaired CCC's vehicles, and that CC Transfer was not an alter ego of CC Waste. In opposition, the plaintiffs failed to raise a triable issue of fact.

The appellants also were entitled to dismissal of the cause of action which seeks damages based upon alleged negligent spoliation of evidence. New York does not recognize an independent cause of action for such relief (*see Ortega v City of New York*, 9 NY3d 69, 73 [2007]; *Hillman v Sinha*, 77 AD3d 887, 888 [2010]).

However, the appellants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the remaining causes of action insofar as asserted against CC Waste. The appellants' submissions in this regard raised triable issues of fact as to whether CC Waste was interrelated with CCC, whether a mechanic employed by CC Waste repaired the subject CCC garbage truck prior to the accident, and whether that allegedly faulty repair was a proximate cause in the happening of the accident. Accordingly, the Supreme Court properly denied that branch of the motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Finally, contrary to the appellants' contention, the issue of special employment is raised for the first time on appeal and does not involve a question of law that appears on the face of the record and could not have been avoided if brought to the attention of the Supreme Court (*see Guy v Hatsis*, 107 AD3d 671 [2013]; *Block v Magee*, 146 AD2d 730 [1989]). Therefore, this is-

sue is not properly before this Court (*see Chia v City of New York*, 109 AD3d 865, 866 [2013]; *Matter of Matarrese v New York City Health & Hosps. Corp.*, 247 AD2d 475, 476 [1998]). Mastro, J.P., Rivera, Sgroi and Cohen, JJ., concur.

---

Cross motion by the respondents, on an appeal from an order of the Supreme Court, Kings County dated June 20, 2012, inter alia, to strike the appellants' brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated July 2, 2013, that branch of the respondents' cross motion which was to strike the appellants' brief on the ground that it refers to matter dehors the record was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the cross motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the respondents' cross motion which was to strike the appellants' brief on the ground that it refers to matter dehors the record is denied. Mastro, J.P., Rivera, Sgroi and Cohen, JJ., concur.