■ ALAN DE LOS SANTOS, Respondent, v NIKOLA BUTKOVICH et al., Appellants. [6 NYS3d 261]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated June 27, 2013, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant N.B. Painting and Decorating Corp.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant N.B. Painting and Decorating Corp. is granted.

"Workers' compensation benefits are [t]he sole and exclusive remedy of an employee against his employer for injuries in the course of employment" (*Weiner v City of New York*, 19 NY3d 852, 854 [2012] [internal quotation marks omitted]). "This precludes suits against an employer for injuries in the course of employment" (*id.* at 854; *Cunningham v State of New York*, 60 NY2d 248, 251 [1983]). "[W]henever it appears or will appear from a plaintiff's pleading, bill of particulars or the facts that the plaintiff was an employee of the defendant, the obligation of alleging and, in any event, of proving noncoverage falls on the plaintiff" (*Murray v City of New York*, 43 NY2d 400, 407 [1977]; *see Villatoro v Grand Blvd. Realty, Inc.*, 18 AD3d 647, 647 [2005]; *Rainey v Jefferson Vil. Condo No. 11 Assoc.*, 203 AD2d 544, 546 [1994]).

Here, in support of their motion for summary judgment, the defendants presented evidence that the plaintiff was an employee of the defendant N.B. Painting and Decorating Corp. (hereinafter N.B. Painting), who was injured in the course of his employment, and that N.B Painting maintained a Workers' Compensation policy on the date of the accident. Accordingly, the defendants established prima facie that the exclusivity provisions of Workers' Compensation Law § 11 barred the plaintiff from seeking a recovery in tort against N.B. Painting (*see Vitello v Amboy Bus Co.*, 83 AD3d 932, 933-934 [2011]; *Beaucejour v General Linen Supply & Laundry Co., Inc.*, 39 AD3d 444, 444-445 [2007]; *Villatoro v Grand Blvd. Realty, Inc.*, 18 AD3d at 648).

In opposition, the plaintiff failed to raise a triable issue of fact. "[A]ll employees of an employer are deemed covered by the employer's workers' compensation policy, regardless of whether an employee may have been working 'off the books', where the employer has secured a policy of insurance coverage" (*Baljit v Suzy's Dept. Store*, 211 AD2d 555, 555 [1995]; *see Vargas v Crown Container Co., Inc.*, 114 AD3d 762, 764 [2014]).

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant N.B. Painting (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In light of our determination, we need not reach the defendants' remaining contention. Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.