■ Felix Mateo, Respondent, v 1875 Lexington, LLC, Appellant, et al., Defendant. [21 NYS3d 633]—

In an action to recover damages for personal injuries, the defendant 1875 Lexington, LLC, appeals from an order of the Supreme Court, Kings County (Schack, J.), dated February 10, 2014, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant 1875 Lexington, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

In general, Workers' Compensation benefits are the sole and exclusive remedy of an employee against an employer for any damages sustained from injury or death arising out of and in the course of employment (*see Weiner v City of New York*, 19 NY3d 852, 854 [2012]; *Matias v City of New York*, 127 AD3d 1145, 1146 [2015]; *De Los Santos v Butkovich*, 126 AD3d 845, 846 [2015]).

Here, in support of its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, the defendant 1875 Lexington, LLC (hereafter the defendant), presented evidence that the plaintiff was its employee at the time of the accident, that the accident occurred during the course of the plaintiff's employment, and that the plaintiff applied for, was awarded, and has received Workers' Compensation benefits under the defendant's Workers' Compensation policy. Accordingly, the defendant established its prima facie entitlement to judgment as a matter of law on the basis that the exclusivity provisions of the Workers' Compensation Law barred the plaintiff from seeking a recovery in tort against it (*see De Los Santos v Butkovich*, 126 AD3d at 846; *Maropakis v Stillwell Materials Corp.*, 38 AD3d 623 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's mere hope or speculation that evidence sufficient to defeat the motion might be uncovered during the discovery process was an insufficient basis for denying the motion (*see Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Eng, P.J., Mastro, Cohen and Miller, JJ., concur.