■ Vincent Cahill et al., Respondents, v Jordan Home Services, LLC, Defendant, and Brian Charmatz, Appellant. (And a Third-Party Action.) [44 NYS3d 133]—

In an action to recover damages for personal injuries, etc., the defendant Brian Charmatz appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered August 20, 2015, which denied his motion pursuant to CPLR 3025 (b) for leave to amend his answer to include an additional affirmative defense.

Ordered that the order is affirmed, with costs.

The plaintiff Vincent Cahill allegedly sustained personal injuries during the course of his employment as a sanitation

worker for the Town of Oyster Bay Sanitation Department as he attempted to collect garbage at the curb of premises owned by the defendant Brian Charmatz (hereinafter the appellant). Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the appellant. The appellant moved for leave to amend his answer to include the affirmative defense that the plaintiffs' sole and exclusive remedy was Workers' Compensation benefits. The Supreme Court denied the motion.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Marcum, LLP v Silva*, 117 AD3d 917, 917 [2014]; *see* CPLR 3025 [b]; *North Am. Sav. Bank, FSB v Esposito-Como*, 141 AD3d 706, 707 [2016]; *Darby Group Cos., Inc. v Wulforst Acquisition, LLC*, 130 AD3d 866, 867 [2015]; *Confidential Lending, LLC v Nurse*, 120 AD3d 739, 742 [2014]). "In general, Workers' Compensation benefits are the sole and exclusive remedy of an employee against an employer for any damages sustained from injury or death arising out of and in the course of employment" (*Mateo v 1875 Lexington, LLC*, 134 AD3d 1072, 1073 [2015]; *see De Los Santos v Butkovich*, 126 AD3d 845, 846 [2015]). "This precludes suits against an employer for injuries in the course of employment" (*Weiner v City of New York*, 19 NY3d 852, 854 [2012]; *see De Los Santos v Butkovich*, 126 AD3d at 846). Here, the proposed amendment was patently devoid of merit, as the Workers' Compensation defense was available only to the injured plaintiff's employer, and the appellant failed to allege facts demonstrating that he was the injured plaintiff's employer or that the Workers' Compensation Law otherwise bars this action against the appellant. Accordingly, the Supreme Court providently exercised its discretion in denying the appellant's motion for leave to amend his answer. Rivera, J.P., Austin, Roman and Connolly, JJ., concur.