Dominguez v Mirman, Markovits & Landau, P.C. (2020 NY Slip Op 00845)





Dominguez v Mirman, Markovits & Landau, P.C.


2020 NY Slip Op 00845


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-04847
 (Index No. 60506/13)

[*1]Hilario Dominguez, appellant, 
v
Mirman, Markovits & Landau, P.C., et al., respondents.


Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski of counsel), for appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Gary Petropoulos and William L. Schleifer of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated April 21, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff was injured in a construction accident on October 3, 2007, when the bucket of an excavator machine struck his leg. The plaintiff hired the defendants as his attorneys and commenced an action to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6).
The property owner moved for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiff cross-moved for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action. In an order dated May 6, 2011, the Supreme Court granted those branches of the owner's motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against him, denied those branches of the owner's motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against him, and denied the plaintiff's cross motion.
Thereafter, in November 2011, the defendants moved in the personal injury action to be relieved as counsel for the plaintiff. The Supreme Court granted that motion in an order dated January 5, 2012, and in February 2012, the plaintiff, acting pro se, discontinued the personal injury action.
On April 17, 2013, the plaintiff commenced this action against the defendants to recover damages for legal malpractice. The defendants moved for summary judgment dismissing the complaint, arguing that the plaintiff could not demonstrate that "he would have obtained a more favorable outcome but for' [the defendants'] alleged negligence." In an order dated April 27, 2017, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"In moving for summary judgment dismissing a complaint alleging legal malpractice, a defendant must present evidence establishing, prima facie, that it did not breach the duty to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, or that the plaintiff did not sustain actual and ascertainable damages as a result of such deviation" (Mazzurco v Gordon, 173 AD3d 1003, 1003; see Panos v Eisen, 160 AD3d 759). Here,
the defendants met that burden.
From the facts adduced in both the instant action and the underlying personal injury action, it is apparent that the accident was not elevation related and Labor Law § 240(1) was not applicable to the plaintiff's accident. The fact that the plaintiff was struck by a machine while working at an elevated height did not give rise to a cause of action pursuant to Labor Law § 240(1) (see Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1089).
With respect to the Labor Law § 241(6) cause of action, based upon alleged violations of the Industrial Code, the provisions of the Industrial Code cited by the plaintiff either asserted general safety standards, the violation of which were not sufficient for a cause of action pursuant to Labor Law § 241(6) (see Opalinski v City of New York, 164 AD3d 1354; Spence v Island Estates at Mt. Sinai II,LLC, 79 AD3d 936, 937), or were not applicable to the facts of this case. 12 NYCRR 23-6.1(e) and 23-6.2 were not applicable because 12 NYCRR subpart 23-6 does not apply to excavating machines used for material hoisting (see 12 NYCRR 23-6.1[a]).
In this action to recover damages for legal malpractice, the plaintiff sought to apply 12 NYCRR 23-9.4, based upon an allegation that, when the machine hit the plaintiff, it was hoisting beams using chains instead of ropes. However, a beam did not hit the plaintiff. Further, as noted by the Supreme Court, the plaintiff testified at his deposition in the personal injury action that ropes were used to hoist the beams. His deposition testimony to the contrary in this action, sought to be corroborated by an affidavit from his brother, constitutes a feigned issue of fact insufficient to defeat the defendants' motion for summary judgment (see Red Zone LLC v Cadwalader, Wickersham & Taft, LLP, 27 NY3d 1048).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court