Lieberman v Green (2021 NY Slip Op 00163)





Lieberman v Green


2021 NY Slip Op 00163


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-09506
 (Index No. 70043/12)

[*1]Mitchell P. Lieberman, et al., respondents,
v
David Green, appellant (and a third-party action).


David Green, Glen Cove, NY, appellant pro se.
Housman & Associates, P.C., Tarrytown, NY (Mark E. Housman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover unpaid legal fees, the defendant appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated July 16, 2018. The order granted the plaintiffs' motion for summary judgment dismissing the defendant's counterclaim to recover damages for legal malpractice.
ORDERED that the order is affirmed, with costs.
The defendant retained the plaintiff law firm Lieberman & LeBovit to represent him in a divorce action commenced against him by his now ex-wife. On March 9, 2012, during a deposition, the defendant and his ex-wife agreed to resolve all matters in the divorce action. A stipulation of settlement (hereinafter the stipulation) was read into the record by the defendant's attorney, the plaintiff Mitchell P. Lieberman. According to the transcript of the stipulation, the parties agreed to present the stipulation to the Supreme Court to be so ordered at the next court conference scheduled the following week. Prior to the court appearance, the defendant's ex-wife reneged on the agreement, and such stipulation was never so-ordered by the court.
In August 2012, the defendant terminated the plaintiffs as his counsel, and retained a new law firm to represent him in the matrimonial action. The defendant subsequently terminated that law firm as counsel, and proceeded pro se at trial.
On December 5, 2012, the plaintiffs commenced this action against the defendant to recover unpaid legal fees. In his answer, the defendant asserted counterclaims including one to recover damages for legal malpractice.
The plaintiffs moved for summary judgment dismissing the counterclaim alleging legal malpractice, and the defendant opposed. In an order dated July 16, 2018, the Supreme Court, granted the plaintiffs' motion. The defendant appeals. We affirm.
"'In moving for summary judgment dismissing a [cause of action] alleging legal malpractice, [movant] must present evidence establishing, prima facie, that it did not breach the duty [*2]to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, or that the plaintiff did not sustain actual and ascertainable damages as a result of such deviation'" (Dominguez v Mirman, Markovitz & Landau, P.C., 180 AD3d 646, 647, quoting Mazzurco v Gordon, 173 AD3d 1003, 1003). Here, the plaintiffs submitted evidence, including an expert affirmation, demonstrating, prima facie, that, given the totality of circumstances under which the parties made their agreement on March 9, 2012, the plaintiffs did not breach their duty to exercise the ordinary reasonable skill and knowledge commonly possessed by an attorney by having the terms of the stipulation transcribed by the stenographer, and agreeing to later present such stipulation to the court to be so-ordered.
In opposition, the defendant, who did not submit an expert affidavit, failed to raise a triable issue of fact. His opposition consisted entirely of speculative and conclusory assertions (see Sang Seok NA v Schietroma, 163 AD3d 597, 599; Harris v Barbera, 163 AD3d 534, 535; Schadoff v Russ, 278 AD2d 222, 223). Accordingly, we agree with the Supreme Court's determination granting the plaintiffs' motion for summary judgment dismissing the defendant's counterclaim alleging legal malpractice.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court