Walker v Shaevitz & Shaevitz (2021 NY Slip Op 01799)





Walker v Shaevitz & Shaevitz


2021 NY Slip Op 01799


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-08945
2018-09860
 (Index No. 14330/14)

[*1]Debra Walker, et al., appellants, 
v
Shaevitz & Shaevitz, Esqs., respondent.


Law Office of Effie Soter, P.C., New York, NY (Effimia Soter and Dimitrios Kourouklis of counsel), for appellants.
L'Abbate, Balkan, Colavita & Contini, P.C., Garden City, NY (William T. McCaffery of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered August 9, 2017, and (2) an order of the same court entered June 13, 2018. The order entered August 9, 2017, insofar as appealed from, denied the plaintiffs' cross motion pursuant to CPLR 3126 to impose sanctions against the defendant for spoliation of evidence. The order entered June 13, 2018, insofar as appealed from, upon reargument, in effect, vacated so much of the order entered August 9, 2017, as denied the defendant's motion for summary judgment dismissing the complaint, and thereupon, granted that motion.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In 2014, the plaintiffs, Debra Walker and Vanton Barrett, commenced this action against the defendant, Shaevitz & Shaevitz, Esqs., their former attorneys (hereinafter the law firm), to recover damages for legal malpractice. According to the plaintiffs, the law firm deviated from accepted standards of legal practice during its representation of the plaintiffs in a personal injury action against a restaurant in Queens (hereinafter the underlying action). The complaint in the underlying action, which alleged that in 2011 Walker was injured when she fell and tripped on stairs inside the restaurant, was dismissed against the defendants in that action.
The law firm moved for summary judgment dismissing the complaint and the plaintiffs cross-moved pursuant to CPLR 3126 to impose sanctions on the law firm for spoliation of evidence. In an order entered August 9, 2017 (hereinafter the August 2017 order), the Supreme Court denied the law firm's motion and the plaintiffs' cross motion.
The law firm then moved for leave to reargue its prior motion for summary judgment dismissing the complaint. In an order entered June 13, 2018 (hereinafter the June 2018 order), the Supreme Court granted leave to reargue and, upon reargument, in effect, vacated so much of the August 2017 order as denied the law firm's prior motion, and thereupon, granted the motion on the ground that the plaintiffs would not have prevailed in the underlying action because Walker did not know what had caused her fall. The plaintiffs appeal from the August 2017 order and the June 2018 [*2]order.
The Supreme Court, upon reargument, properly granted the law firm's motion for summary judgment dismissing the complaint. "'In moving for summary judgment dismissing a complaint alleging legal malpractice, a defendant must present evidence establishing, prima facie, that it did not breach the duty to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, or that the plaintiff did not sustain actual and ascertainable damages as a result of such deviation'" (Dominguez v Mirman, Markovits & Landau, P.C., 180 AD3d 646, 647, quoting Mazzurco v Gordon, 173 AD3d 1003, 1003). Here, the law firm established its prima facie entitlement to judgment as a matter of law through the submission of the transcript of Walker's deposition testimony in the underlying action which showed that she could not identify the cause of her fall (see Colini v Stino, Inc., 186 AD3d 1610, 1611; Ash v City of New York, 109 AD3d 854, 856) and that, even if the law firm had breached its duty to the plaintiffs, they would not have prevailed in the underlying action because Walker was unable to identify the cause of her fall without engaging in speculation (see Hamoudeh v Mandel, 62 AD3d 948, 949; see also Markowitz v Kurzman Eisenberg Corbin Lever & Goodman, LLP, 82 AD3d 719, 719).
In opposition, the plaintiffs failed to raise a triable issue of fact. Walker's deposition testimony and affidavit in this action are contrary to her deposition testimony in the underlying action and merely raised a feigned issue of fact insufficient to defeat summary judgment (see Mallen v Dekalb Corp., 181 AD3d 669, 670; Dominguez v Mirman, Markovits & Landau, P.C., 180 AD3d at 648).
The Supreme Court also properly denied the plaintiffs' cross motion pursuant to CPLR 3126 to impose sanctions on the law firm for spoliation. A party seeking sanctions for spoliation of evidence must demonstrate "that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim . . . such that the trier of fact could find that the evidence would support that claim" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]). Here, the plaintiffs' reliance on the doctrine of spoliation is misplaced as the law firm was never in possession or control of the restaurant, its lighting system, or its renovation (see Burbige v Siben & Ferber, 115 AD3d 632, 633). Moreover, to the extent that the plaintiffs assert an independent cause of action for negligent spoliation, it is without merit as no such tort is recognized in New York law (see Vargas v Crown Container Co., Inc., 114 AD3d 762, 764; Hillman v Sinha, 77 AD3d 887, 888).
Accordingly, we affirm the June 2018 and the August 2017 orders insofar as appealed from.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court