Singh v Wesco Ins. Co. (2022 NY Slip Op 00066)





Singh v Wesco Ins. Co.


2022 NY Slip Op 00066


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Index No. 156716/19 Appeal No. 14987 Case No. 2021-01957 

[*1]Praim Singh et al., Plaintiffs-Respondents,
v
Wesco Insurance Company, Defendant-Appellant.


Mound Cotton Wollan & Greengrass, LLP, New York (Kevin F. Buckley of counsel), for appellant.
Law Office of Craig A. Blumberg, New York (Craig A. Blumberg of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered January 4, 2021, which granted plaintiffs' cross motion for leave to amend the complaint and denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting plaintiffs' motion for leave to amend the complaint (see Lanpont v Savvas Cab Corp., Inc. , 244 AD2d 208, 209 [1st Dept 1997]). Plaintiffs' proposed amendments, which added allegations in connection with the policy language "Additional Coverage-Collapse," were sufficient to state a cause of action for breach of an insurance contract in connection with a loss caused by a building collapse (see Joel v Weber , 166 AD2d 130, 138 [1st Dept 1991]). Furthermore, because discovery has not been completed, it cannot be said at this stage of the litigation that the allegations are "patently insufficient" on their face (see Hospital for Joint Diseases Orthopaedic Inst. v Katsikis Envtl. Contrs. , 173 AD2d 210, 210 [1st Dept 1991]).
Nor is defendant insurer's claim of prejudice based on the new allegations availing at this point in the action. Although the building had already been demolished by the time plaintiffs cross-moved for leave to amend, defendant's disclaimer letter, issued 17 months after the loss, stated that it had begun an investigation four days after the loss.
In light of its determination on the cross motion for leave to amend the complaint, Supreme Court properly denied defendant's motion to dismiss the complaint as moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022