Rys v Dubois (2023 NY Slip Op 02342)

Rys v Dubois

2023 NY Slip Op 02342

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-06891
 (Index No. 10081/19)

[*1]Samantha Rys, appellant, 
v
Carl Dubois, etc., et al., respondents.

Sussman and Associates, Goshen, NY (Michael H. Sussman of counsel), for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Kellie E. Lagitch of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated August 27, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
ORDERED that the order is affirmed, with costs.
The plaintiff, an Orange County probation officer, allegedly was injured during the course of her employment while participating in a tactical training exercise conducted by the Orange County Sheriff's Office. The plaintiff commenced this action against the Sheriff of Orange County, and three deputy sheriffs, alleging that during the training exercise, one of the deputies negligently fired a training handgun containing simulated ammunition in close proximity to the plaintiff, causing her to sustain hearing damage.
The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, arguing, inter alia, that the action was barred by the exclusivity provisions of the Workers' Compensation Law, since the plaintiff and the defendants were all employees of Orange County. In opposition to the defendants' motion, the plaintiff, while acknowledging that she had collected workers' compensation benefits in connection with the injuries that are the subject of this action, contended that the defendants were not employees of the County, but were instead employed solely by the Sheriff. In an order dated August 27, 2020, the Supreme Court granted the defendants' motion to dismiss the complaint. The plaintiff appeals.
In exchange for "the swift and secure payment of benefits for injuries sustained in the course of their employment, without regard to fault," the Workers' Compensation Law "generally requires employees to forfeit their right to maintain a common-law tort action against their employers and coemployees for work-related injuries" (Orzechowski v Warner-Lambert Co. , 92 AD2d 110, 111-112). Under Workers' Compensation Law § 11, "[t]he liability of an employer prescribed by [Workers' Compensation Law § 10] shall be exclusive and in place of any other liability whatsoever" to the injured employee. In addition, under Workers' Compensation Law § 29(6), "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ."
Here, it is undisputed that the wages of the plaintiff and the defendants and the costs of operating the Sheriff's Office are all paid by the County, and that the plaintiff and the defendants are covered by the same workers' compensation policy issued to the County. It has been held that, while a county sheriff is a public employer, with the authority to hire and fire deputy sheriffs and determine the terms and conditions of their employment other than salary, a county and a sheriff's office are joint employers of the deputy sheriffs for collective bargaining purposes (see Matter of County of Ulster v CSEA Unit of Ulster County Sheriff's Dept., Ulster County CSEA Ch. , 37 AD2d 437; see also Civil Service Law § 201[6][a][vii]). A similar designation as joint employers is appropriate in the context of applying the exclusivity provisions of the Workers' Compensation Law (see Kuznetz v County of Nassau , 229 AD2d 476; Cady v Andrews , 109 Misc 2d 571, 575-576 [Sup Ct, Broome County]).
Thus, the Supreme Court correctly determined that, as a matter of law, the defendants were joint employees of both the County and the Sheriff's Office for workers' compensation purposes. Since the plaintiff and the defendants, as co-employees of the County, were "in the same employ" (Workers' Compensation Law § 29[6]), the action was barred under the exclusivity provisions of the Workers' Compensation Law (see Kuznetz v County of Nassau , 229 AD2d at 476-477).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court